IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| Nancy Brooks and Joan Silverman, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>Plaintiffs,<br>v.<br><br>AIG SunAmerica Life Assurance Company,<br><br>Defendant. | Civil Action No. **05 10994 WGY** |

MAGISTRATE JUDGE LTS

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. Defendant raised the cost of insurance ("COI") rates on plaintiffs' and all similarly situated persons' policies in breach of their policy's terms and/or in violation of each plaintiff's state's respective consumer protection statute.

### THE PARTIES

2. The named plaintiffs, Nancy Brooks and Joan Silverman, are trustees of the Irrevocable Trust of Donald L. Silverman and executrices of the Estate of Donald L. Silverman. Prior to his death in June 2001, Mr. Silverman was a resident of Swampscott, Massachusetts, and was the insured under Mutual Benefit Life of New Jersey ("Mutual Benefit Life") Policy AL101958, which had a Policy Issue Date of May 1, 1984. At the time of Mr. Silverman's death in June of 2001, the Irrevocable Trust of Donald L. Silverman owned Mutual Benefit Life Policy AL101958.

3. Defendant AIG SunAmerica Life Assurance Company ("SunAmerica") is an Arizona corporation with a corporate headquarters and principle place of business at 1 SunAmerica Center, Los Angeles, CA 90067.

### JURISDICTION AND VENUE

4.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 because the amount in controversy for the named plaintiffs exceeds $75,000, the amount in controversy for the Class exceeds $5,000,000 and/or there is diversity between the named plaintiffs and the defendant.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred here.

## CLASS ALLEGATIONS

6.  Plaintiffs bring this class action under Rule 23(a) and (b)(3) on behalf of a Class consisting of all persons who (1) purchased a life insurance policy from Mutual Benefit Life, (2) converted their policy to a common form policy during the rehabilitation of MBL and (3) following that rehabilitation, had their policies assumed by SunAmerica.

7.  Plaintiffs do not yet know the exact size of the Class because such information is in defendant's exclusive control, but believe that the total number of Class members numbers in the thousands and that they are located throughout the country. Consequently, joinder of all members of the Class would be impracticable.

8.  Plaintiffs will fairly and adequately protect the interests of the Class members, and has engaged experienced and competent class counsel. Plaintiffs have no interests antagonistic to those of the other members of the Class.

9.  Plaintiffs' claims are typical of the claims of the Class in that each was forced to pay higher policy premiums because of defendants' increase in COI rates in violation of the terms of their policy.

10.  The rights of Plaintiffs and the Class involve common questions of law and fact that would predominate over questions affecting only individual members of the

Class. Whatever difficulties may exist in the management of the Class are generally outweighed by the advantage of that procedure, including but not limited to providing claimants with a method for redress of claims that might otherwise not warrant individual litigation.

11. The questions of law and fact common within the Class include, but are not limited to:

   a. whether defendant increased COI rates in violation of the terms of the relevant insurance contracts;

   b. whether defendant's conduct in increasing COI rates violated state consumer protection statutes;

   c. whether defendant's failure to adequately disclose the manner in which it had calculated increases in COI rates constitutes a separate and distinct violation of state consumer protection statutes;

   d. the measure of damages by which defendants' conduct injured all members of the Class; and

   e. whether the Class is entitled to injunctive relief as a result of defendant's continuing conduct.

12. Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort. Class treatment will also permit the adjudication of smaller claims by Class members, for whom it would not be economically rational to litigate individually against a large corporate defendant.

## **GENERAL ALLEGATIONS**

13. Up until approximately 1994, Mutual Benefit Life was a solvent mutual life insurance company that sold, among other insurance products, "flexible premium" universal life insurance policies such as the one Mr. Silverman purchased in 1984.

14. On or about July 16, 1991, Mutual Benefit Life was placed in rehabilitation by the New Jersey Commissioner of Insurance at least in part because of questions concerning its ongoing ability to pay claims.

15. In May of 1994, substantially all of Mutual Benefit Life's assets and liabilities were transferred to MBL Life Assurance Corporation ("MBL Life Assurance") under a rehabilitation plan adopted by the New Jersey Commissioner of Insurance and approved by the New Jersey Superior Court (the "Rehabilitation Plan").

16. Mutual Benefit Life policyholders such as Mr. Silverman were given the choice of either opting out of the Rehabilitation Plan or having their policies temporarily restructured (in ways that are not relevant to this litigation) to a common form policy and transferred to MBL Life Assurance.

17. On June 30, 1999, pursuant to the Rehabilitation Plan, Anchor National Life Insurance Company ("Anchor"), a SunAmerica company, formally acquired the block of policies that MBL Life Assurance had acquired from Mutual Benefit Life (the "Mutual Benefit Block of Policies"). Also pursuant to the Rehabilitation Plan, the temporary restructuring of the Mutual Benefit Block of Policies into common form policies expired and the original terms of the Class members' policies controlled again. Anchor and/or SunAmerica have administered the Mutual Benefit Block of Policies, including Mr. Silverman's policy, at all times thereafter. (Anchor and SunAmerica are sometimes referred to collectively herein as "SunAmerica.")

18. From the time it acquired them in 1999 until at least 2002, SunAmerica has increased the COI rates on the Mutual Benefit Block of Policies each year in the following manner (the "COI Rate Increases"):

| Year | COI Increase per $1000 per month ($) | COI Increase (%) |
| --- | --- | --- |
| 1999-2000 | From $5.14 to $6.52 = $1.38 | 24% |
| 2000-01 | From $6.52 to $7.12 = $0.60 | 9% |
| 2001-02 | From $7.12 to $7.95 = $0.83 | 11% |

19. There are two criteria that SunAmerica had to meet before raising COI Rates. First, as the controlling policy language in the Mutual Life Block of Policies states, "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." Second, any COI Rate Increases had to be less than the maximum guaranteed rates set out in the insurance policy's COI Rate Table.

20. Upon information and belief, the COI Rate Increases were **NOT** made "in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which" any of the Mutual Life Block of Policies were delivered.

21. As a result, the COI Rate Increases are in breach of the terms of the policy language of the Mutual Life Block of Policies and are therefore invalid even if the COI Rate Increases were less than the guaranteed maximum increases set out in the policy's COI Rate Table.

22. SunAmerica fraudulently concealed that it had made the COI Rate Increases in violation of the relevant insurance policy's terms by misrepresenting to the named plaintiffs and their agents several times between 2001 and the present that the

Rehabilitation Plan authorized it to make the COI Rate Increases. To the contrary, the truth, which SunAmerica knew or should have known, is that the COI Rate Increases were governed by the insurance policy language quoted above in ¶ 19.

23.  The statute of limitations is tolled by the discovery rule. The named plaintiffs did not know, and in the exercise of reasonable diligence could not have known, that SunAmerica made the COI Rate Increases in violation of the terms of their policy because SunAmerica has refused to disclose to them the method by which it calculates COI Rate Increases and the information is not available anywhere else.

### COUNT I: Breach of Contract

24.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

25.  There is a contract (insurance policy in the Mutual Life Block of Policies) between SunAmerica and each Class member.

26.  The policy language in the contracts in the Mutual Life Block of Policies sets forth the terms under which SunAmerica can make COI Rate Increases.

27.  SunAmerica breached those contracts by making COI Rate Increases in violation of the terms of the policies in the Mutual Life Block of Policies.

28.  SunAmerica's breach directly and proximately damaged each Class member in an amount to be determined at trial by raising his/her premiums in an amount approximately equal to the unauthorized increase in COI rates.

### COUNT II: Breach of Implied Duty of Good Faith and Fair Dealing

29.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

30.  SunAmerica breached the implied covenant of good faith and fair dealing contained in each Class Member's insurance policy by making the COI Rate Increases.

31. SunAmerica's breach directly and proximately damaged each Class member in an amount to be determined at trial by raising his/her premiums in an amount approximately equal to the unauthorized increase in COI rates.

### COUNT III: Violation of Massachusetts Consumer Protection Statue

32. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

33. By making unauthorized COI Rate Increases, SunAmerica committed an unfair or deceptive act or practice within the meaning of MGLC 93A.

34. Plaintiffs served an MGLC 93A demand letter on SunAmerica but SunAmerica refused to make a reasonable offer of settlement either to the named plaintiffs or the Class.

35. SunAmerica's unfair or deceptive acts or practices have violated MGLC 93A and proximately injured the named plaintiffs and the Class in an amount to be determined at trial.

36. Because SunAmerica's violations of MGLC 93A have been willful and knowing and/or its refusal to grant class-wide relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated MGLC 93A, the named plaintiffs and the Class are entitled to treble damages, attorneys' fees and expenses.

### COUNT IV: Violation of California Unfair Business Practices Act

37. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

38. SunAmerica's conduct in making unauthorized COI Rate Increases constitutes and unlawful and/or unfair business practice within the meaning of the California Unfair Business Practices Act.

39.    SunAmerica's conduct emanated from its corporate headquarters in Los Angeles, CA.

40.    SunAmerica's conduct was unfair because it raised premiums without authorization for policyholders who had not choice but to pay the increases or surrender the policy.

41.    SunAmerica's conduct was unlawful because it made COI Rate Increases in violation of the procedure it had on file with each state's Division of Insurance and/or unjustly enriched itself at the expense of the plaintiffs.

42.    As a direct and proximate result of its conduct, SunAmerica has received, and continues to hold, ill-gotten gains that belong to the plaintiffs.

43.    Plaintiffs are accordingly entitled to damages and equitable relief in the form of restitution and disgorgement of all earnings, profits, compensation and benefits obtained by SunAmerica as a result of such unfair and/or unlawful business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

A.    That this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and that notice to the Class be provided in compliance with Fed. R. Civ. P. 23(c)(2);

B.    That the Court hold that SunAmerica breached its insurance contract with plaintiffs and the Class and/or breached the implied duty of good faith and fair dealing and/or violated the Massachusetts Consumer Protection Statute and/or violated the California Unfair Business Practices Act;

C.    That judgment be entered against SunAmerica and in favor of the Plaintiffs and the members of the Class for damages as allowed by law and/or restitution

by equity, together with costs of suit (including expert costs), and reasonable attorney fees as provided by law;

  D. That the judgment so entered include trebling of damages determined to have been sustained by Plaintiffs and the members of the Class for damages as allowed by law, together with costs of suit (including expert costs), and reasonable attorney fees as provided by law;

  F. That SunAmerica be enjoined from increasing COI Rates in breach of the terms of its own insurance policies;

  G. That the Court award Plaintiffs and members of the Class pre-judgment and post-judgment interest as permitted by law; and

  H. That the Court award Plaintiffs and members of the Class such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable of right by a jury.

DATED: 12 May 2005

                _/s/ John Peter Zavez_
                John Peter Zavez (#555721)
                Noah Rosmarin (#630632)
                ADKINS KELSTON & ZAVEZ, P.C.
                90 Canal Street
                Boston, MA  02114
                Tel: (617) 367-1040
                Fax: (617) 742-8280

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nancy Brooks and Joan Silverman, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman

(b) County of Residence of First Listed Plaintiff   **Essex County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
John P. Zavez, Adkins, Kelston & Zavez, P.C.
90 Canal Street, 5th Fl., Boston, MA 02114 (617) 367-1040

## DEFENDANTS
AIG Sun-America Life Assurance Company

County of Residence of First Listed Defendant   **Los Angeles, CA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**05  10994 WGY**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Defendant breached the plaintiff's insurance contract by raising the insurance rates in violation of the policy.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  N/A
DOCKET NUMBER

DATE   05/13/2005
SIGNATURE OF ATTORNEY OF RECORD   /s/ John P. Zavez

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Nancy Brooks as Trustee of the Irrevocable Trust of Donald L. Silverman v. AIG Sun-America Life Assurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [✓] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05 10994 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   John P. Zavez
ADDRESS   Adkins, Kelston & Zavez, P.C., 90 Canal St., 5th Floor, Boston, MA 02114
TELEPHONE NO.   (617) 367-1040

(CategoryForm.wpd - 5/2/05)