**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)**

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>    Plaintiffs,<br>  v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>    Defendant. | Civil Action No. 05-10994-WGY |

**PLAINTIFFS' SUPPLEMENT TO THEIR
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

   Pursuant to the Court's oral order on 5 October 2005, Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby file this Supplement to their Opposition to Defendant's Motion to Dismiss. The Supplement sets out the portion of the insurance policy that was breached and how it was breached.

   1.  There was an original contract (the "Original Policy") between Donald L. Silverman and Mutual Benefit Life Insurance Company ("MBL"). (An apparently incomplete and out-of-page-order copy of the Original Policy is found at Exhibit 1 to Defendant's Reply in Support of Its Motion to Dismiss).

   2.  The Original Policy was later replaced by a new policy (the "New Policy") issued by The Mutual Benefit Life Insurance Company in Rehabilitation ("MBL Rehab"). (A copy of the New Policy is attached to Defendant's Motion to Dismiss as Exhibit A.) The New Policy provides:

- "A statement of the method of calculation of values has been filed with the insurance official in the jurisdiction in which this policy is delivered." New Policy at §13.

- Values are calculated in part by subtracting monthly deductions, and monthly deductions include the cost of insurance ("COI"), so a "statement of the method of calculation of values" necessarily includes the calculation of COI rates. New Policy at §§13-14.

- "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." (The "COI Rate Increase Filing"). New Policy at §14.

In other words, MBL Rehab promised that any COI Rate Increase would be in accordance with the CAO Rate Increase Filing that it promised/represented it had filed with the MA DOI.

  3. The New Policy is a "variable life policy" within the meaning of 211 CMR 95.01 (Definitions).

  4. The Massachusetts Division of Insurance ("MA DOI") would not have allowed the New Policy to be sold within the Commonwealth without the COI Rate Increase Filing:

> (1) Before any insurance company can deliver or issue for delivery any variable life insurance policy within the Commonwealth, the policy must be filed with, and approved by, the Commissioner.
>
> (2) Each filing for approval of a variable life insurance policy form shall include an actuarial memorandum, prepared and certified by a qualified actuary … which contains a description of the company's methodology(ies) used to determine reserve liabilities for any guaranteed death benefit and other contingencies, including the mortality [*i.e.,* the cost

2

    of insurance], expenses and other risks which the insurer will bear under the policy.

211 CMR 95.06.

5. SunAmerica breached the insurance policy as modified by making COI Rate Increases that were **NOT** in accordance with the COI Rate Increase Filing. The COI Rate Increases could not have been in accordance with the COI Rate Increase Filing because, as SunAmerica now admits, it has no idea what was contained in COI Rate Increase Filing with respect to the methodology for computing increases. *See* Defendant's Reply at pages 2, 3-4 (AIG SunAmerica "does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire Complaint.").

6. In its Reply, SunAmerica raises several unavailing arguments as to why it did not breach the New Policy:

- SunAmerica argues that it cannot find the COI Rate Increase Filing, but that does nothing to change the fact that it made COI Rate Increases without following the COI Rate Increase Filing in violation of the New Policy. Contrary to what defendant implies, the New Policy does not require that the COI Rate Increase Filing still be on file with the MA DOI at the time of the actual COI Rate Increase. The New Policy only requires that any COI Rate Increase be in accordance with the initially filed COI Rate Increase Filing. Defendant can easily insure against not being able to find a copy of the COI Rate Increase Filing at the relevant DOI by keeping a copy for itself. Otherwise, if defendant were correct, then it would be able to make COI Rate Increases without following the methodology it promised to follow and required by regulation as soon as the MA DOI lost the

3

COI Rate Increase Filing. Since many "permanent" life insurance policies (such as the one here) remain in force for decades, it is extremely likely that some of the initial filings would be lost over time, thereby (according to SunAmerica) allowing it to then calculate values in violation of its own filing.

- SunAmerica also argues that plaintiffs have the burden of proving the existence of the COI Increase Filing, which they have met by showing that (a) SunAmerica's predecessor-in-interest promised/represented that it had made the COI Increase Filing with the MA DOI, (b) the predecessor had the regulatory responsibility to so file, and (c) the New Policy could not have been sold in Massachusetts without the COI Rate Increase Filing.

- SunAmerica also argues that plaintiffs have the burden of proving the contents of the COI Rate Increase Filing, but that is incorrect because plaintiffs need only show that the COI Rate Increase was not done in accordance with the COI Rate Increase Filing to show that SunAmerica had breached the insurance policy. Since the COI Rate Increases were not made in accordance with the COI Rate Increase Filing, each COI Rate Increase made was a breach of the New Policy.

7. SunAmerica's breach directly and proximately damaged each Class member in an amount approximately equal to the actual but unauthorized COI Rate Increases s/he paid.

## CONCLUSION

Therefore, the Court should re-deny Defendant's Motion to Dismiss with respect to Counts I, III, IV, and V.

Respectfully submitted,

DATED: 14 October 2005                    _____/s/_____
                                          John Peter Zavez (#555721)
                                          Noah Rosmarin (#630632)
                                          ADKINS KELSTON & ZAVEZ, P.C.
                                          90 Canal Street
                                          Boston, MA  02114
                                          Tel: (617) 367-1040
                                          Fax:  (617) 742-8280