IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>Plaintiffs,<br>v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>Defendant. | Civil Action No. 05-10994-WGY |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

**AND**

**PLAINITIFFS' MEMORANDUM IN SUPPORT OF THEIR OWN CROSS-
MOTION FOR PARTIAL JUDGMENT (Liability) ON THE PLEADINGS**

Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby oppose Defendant's Rule 12(c) Motion and move themselves for judgment on the pleadings in Plaintiffs' favor.

**INTRODUCTION**

Ironically, SunAmerica moves for Judgment on the Pleadings after admitting that it both breached its insurance contract and violated the regulations of the Massachusetts Division of Insurance ("MA DOI Regulations"). Instead, the Court should grant Plaintiffs' Motion for Partial Judgment (Liability) on the Pleadings.

**ARGUMENT**

**I.    Plaintiffs Did File a "Supplemental Pleading" as Ordered by the Court, Now File a First Amended Class Action Complaint and, in Any Event, Defendant Has Suffered No Prejudice.**

The Court directed Plaintiffs to file a "supplemental pleading." Since a "supplemental pleading set[s] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," Fed. R. Civ. P. 15(d), and Plaintiffs reasonably interpreted the Court's directive to clarify their theory of the case (not to allege newly occurring facts) even though SunAmerica had not moved for a more definite statement under Rule 12(e), Plaintiffs sought to satisfy the Court's concerns by filing a supplement setting forth the precise grounds for alleging that SunAmerica had breached its insurance contract. If the Court intended instead that Plaintiffs amend their original Complaint, they hereby file a First Amended Class Action Complaint along with their Cross-Motion for Partial Judgment on the Pleadings and this Opposition and Memorandum in Support of Cross-Motion. In any event, SunAmerica suffered no prejudice because it was able to answer the existing Complaint.

## II.     Defendant Now Admits Breaching the Insurance Contract.

SunAmerica breached the insurance policy as modified by making COI Rate Increases that were **NOT** in accordance with the COI Rate Increase Filing. The COI Rate Increases could not have been in accordance with the COI Rate Increase Filing because, as SunAmerica now admits, it has no idea what was contained in the COI Rate Increase Filing with respect to the methodology for computing increases. *See* Defendant's Reply at pages 2, 3-4 (AIG SunAmerica "does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire Complaint.").

### A.     Calculation of Values Necessarily Includes Calculation of COI.

SunAmerica misinterprets the contract at issue by parsing it out too finely and then interpreting those isolated parts in a vacuum in violation of Massachusetts law. *See, e.g., Fleet National Bank v. H&D Entertainment, Inc.,* 96 F.3d 532, 538 (1st Cir. 1996) (Massachusetts law requires that words in a contract are to be read as in a practical working document and not as in a crossword puzzle), *cert. denied,* 520 U.S. 1155 (1997). SunAmerica mistakenly argues that the references to a regulatory filing in the insurance policy for calculating the various components necessary to determine the value of and reserves for the insurance policy ignore COI, which is a critical component of those calculations. When the insurance policy is interpreted as a whole, however, it becomes clear that the references to a regulatory filing in the policy all refer to the same filing and include the calculation of COI Rates, as well as any changes to COI Rates. Therefore, SunAmerica promised to calculate COI Rate Increases in accordance with the regulatory filing it promised/represented it would make.

First, the New Policy represents/promises that "[a] statement of the method of calculation of values has been filed with the insurance official in the jurisdiction in which the policy is delivered." New Policy at §13. Second, cash value is the amount of total premium paid into the policy plus interest earned, minus and withdrawals made by the policy holder and minus the "monthly deduction." New Policy at §13. Third, the "monthly deduction" includes COI. New Policy at §14. Fourth, any change in COI must be in accordance with filings made with the relevant DOI. New Policy at §14. Fifth, since calculation of cash value necessarily requires calculation of COI, the regulatory filing Defendant represented/promised to have made in §13 is the same as the regulatory filing referenced in §14. Sixth, because "[a]ny change in [COI] rates must be in

3

accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered," New Policy at §14, any change in COI rates must be in accordance with the filing referenced in both §§13 and 14. Otherwise, if the two filings were not the same, calculation of cash value and COI would be inconsistent between the two filings.

### B.     Calculation of Reserve Values Necessarily Includes Calculation of COI.

Similarly, Defendant mistakenly argues that 211 CMR 95.06 does not apply because reserve liabilities are calculated separate and apart from calculating COI. To the contrary, as SunAmerica's citation makes clear, reserve liabilities cannot be calculated without also calculating "mortality, expenses and other risks," Defendant's Memo at 7 (quoting 211 CMR 95.06). Because COI is "based on future expectations as to investment earnings, mortality, persistency, and expenses," New Policy at §14, a filing containing calculation of reserve values as required by the MA DOI Regulations necessarily includes a calculation of COI Rates. Because COI Rates could increase under the terms of the New Policy, which would affect the reserve liability calculations, the filing required by 211 CMR 95.06 would have to include a description of how both COI Rates and COI Rate Increases were to be calculated.

### C.     SunAmerica Breached its Contractual Obligation to Calculate Values, Reserves and COI Rates in Accordance with Insurance Regulations.

SunAmerica argues that it cannot find the COI Rate Increase Filing, but that does nothing to change the fact that it made COI Rate Increases without following the COI Rate Increase Filing in violation of the New Policy. Contrary to what SunAmerica implies, the New Policy does not require that the COI Rate Increase Filing still be on file with the MA DOI at the time of the actual COI Rate Increase. The New Policy only

requires that any COI Rate Increase be in accordance with the initially filed COI Rate Increase Filing.  Defendant can easily insure against not being able to find a copy of the COI Rate Increase Filing at the relevant DOI by keeping a copy for itself.  Otherwise, if SunAmerica were correct, then it would be able to make COI Rate Increases without following the methodology it promised to follow (and required by regulation) as soon as a DOI lost the COI Rate Increase Filing.  Since many "permanent" life insurance policies (such as the one here) remain in force for decades, it is extremely likely that some of the initial filings would be lost over time, thereby (according to SunAmerica) allowing it to then calculate values in violation of its own filing.

SunAmerica also argues that Plaintiffs have the burden of proving the existence of the COI Increase Filing, which they have met by showing that (a) SunAmerica's predecessor-in-interest promised/represented that it had made the COI Increase Filing with the MA DOI, (b) the predecessor had the regulatory responsibility to so file, and (c) the New Policy could not have been sold in Massachusetts without the COI Rate Increase Filing.

SunAmerica finally argues that Plaintiffs have the burden of proving the contents of the COI Rate Increase Filing, but that is incorrect because Plaintiffs need only show that the COI Rate Increase was not done in accordance with the COI Rate Increase Filing to show that SunAmerica had breached the insurance policy.  Since the COI Rate Increases were not made in accordance with the COI Rate Increase Filing, each COI Rate Increase made was a breach of the New Policy.

**III.   Plaintiffs Are Entitled to Allege, in the Alternative, That Defendant Has Violated the California Unfair Competition Law (UCL) by Failing to Comply with MA DOI Regulations.**

In their Complaint, Plaintiffs alleged that "SunAmerica's conduct was unlawful because it made COI Rate Increases in violation of the procedure it had on file with each state's Division of Insurance and/or unjustly enriched itself at the expense of the plaintiffs." Complaint at ¶41. In addition, the Plaintiffs also argued that SunAmerica had violated the MA DOI regulations if it had not filed a document explaining how it intended to calculate values, reserves and COI. Plaintiffs' Supplement at pages 2-3. At this point in the litigation, SunAmerica has admitted that it did not follow the required regulatory filing in calculating COI Rate increases because it does know what the regulatory filing even contained. Therefore, Plaintiffs have met the UCL "unlawful conduct" requirement by alleging that (1) SunAmerica violated MA DOI Regulations by not following the required filing when increasing COI Rates and/or in the alternative (2) SunAmerica violated MA DOI Regulations by never making the required filing in the first place.

### A.  Plaintiffs Allege Unlawful Conduct Apart from Breach of Contract.

Because Plaintiffs set forth two instances of SunAmerica acting in violation of MA DOI regulations, they have alleged that Defendant engaged in unlawful conduct. *See S. Bay Chevrolet v. GMAC,* 85 Cal. Rptr.2d 301, 311 (Cal. Ct. App. 1999) (plaintiff suing under UCL must alleged some statutory or regulatory violation). In addition, now that SunAmerica has admitted that it made the COI Rate Increases without following the required regulatory filing, Plaintiffs need no longer rely upon allegations made "upon information and belief," and the Court can ignore Defendant's argument on that point.

### B.  Plaintiffs Allege Unfairness Apart from Breach of Contract.

Plaintiffs easily meet the "unfairness" requirement of the UCL by already meeting the stricter "unlawful conduct" requirement. *See Cel-Tech Communications, Inc. v. Los*

6

*Angeles Cellular Telephone Co.,* 973 P.2d 527, 544 (Cal. 1999) (conduct is unfair within meaning of UCL where "its effects are comparable to or the same as a violation of the law").

## CONCLUSION

Therefore, the Court should **deny** Defendant's Motion for Judgment on the Pleadings and **grant** Plaintiffs' Cross-Motion for Partial Judgment (Liability) on the Pleadings, holding that (1) the terms of Plaintiffs' policy require that COI Rate Increases can only be made in accordance with regulatory filings that should have been made in each jurisdiction where Defendant issued such policies and (2) Defendant has breached the terms of each policy it issued in Massachusetts by enacting unauthorized COI Rate Increases.

Respectfully submitted,

DATED: 9 November 2005   _____/s/_____
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax:  (617) 742-8280

## CERTIFICATE OF SERVICE

I certify that on 9 November 2005, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.   _____/s/_____
John Peter Zavez