IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

|  |  |
|---|---|
| Nancy Brooks and Joan Silverman, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>       Plaintiffs,<br>    v.<br><br>AIG SunAmerica Life Assurance Company,<br><br>       Defendant. | Civil Action No. 05-10994-WGY |

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

1.      Defendant raised the cost of insurance ("COI") rates on Plaintiffs' and all similarly situated persons' (the "Class") policies in breach of their policy's terms and/or in violation of each Plaintiff's state's respective Division of Insurance (DOI) regulations and/or consumer protection statute.

**THE PARTIES**

2.      The named Plaintiffs, Nancy Brooks and Joan Silverman, are trustees of the Irrevocable Trust of Donald L. Silverman and executrices of the Estate of Donald L. Silverman.  Prior to his death in June 2001, Mr. Silverman was a resident of Swampscott, Massachusetts, and was the insured under Mutual Benefit Life of New Jersey ("Mutual Benefit Life") Policy AL101958, which had a Policy Issue Date of May 1, 1984.  At the time of Mr. Silverman's death in June of 2001, the Irrevocable Trust of Donald L. Silverman owned Policy AL101958.

3.      Defendant AIG SunAmerica Life Assurance Company ("SunAmerica") is an Arizona corporation with a corporate headquarters and principle place of business at 1 SunAmerica Center, Los Angeles, CA 90067.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 because the amount in controversy for the named Plaintiffs exceeds $75,000, the amount in controversy for the Class exceeds $5,000,000 and/or there is diversity between the named Plaintiffs and the defendant.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claim occurred here.

**GENERAL ALLEGATIONS**

6. Up until approximately 1994, Mutual Benefit Life was a solvent mutual life insurance company that sold, among other insurance products, "flexible premium" universal life insurance policies such as the one Mr. Silverman purchased in 1984.

7. On or about July 16, 1991, Mutual Benefit Life was placed in rehabilitation by the New Jersey Commissioner of Insurance at least in part because of questions concerning its ongoing ability to pay claims.

8. In May of 1994, substantially all of Mutual Benefit Life's assets and liabilities were transferred to MBL Life Assurance Corporation ("MBL Life Assurance") under a rehabilitation plan adopted by the New Jersey Commissioner of Insurance and approved by the New Jersey Superior Court (the "Rehabilitation Plan").

9. Mutual Benefit Life policyholders (such as Mr. Silverman) were given the choice of either opting out of the Rehabilitation Plan or having their policies restructured to a common form policy and transferred to MBL Life Assurance. Mr. Silverman chose to have his policy restructured.

10. On June 30, 1999, pursuant to the Rehabilitation Plan, Anchor National Life Insurance Company ("Anchor"), a SunAmerica company, formally acquired the

block of policies that MBL Life Assurance had acquired from Mutual Benefit Life (the "Mutual Benefit Block of Policies"). Anchor and/or SunAmerica have administered the Mutual Benefit Block of Policies, including Mr. Silverman's policy, at all times thereafter. (Anchor and SunAmerica are sometimes referred to collectively herein as "SunAmerica.")

11. From the time it acquired them in 1999 until at least 2002, SunAmerica has increased the COI rates on the Mutual Benefit Block of Policies each year in the following manner (the "COI Rate Increases"):

| Year | COI Increase per $1000 per month ($) | COI Increase (%) |
|---|---|---|
| 1999-2000 | From $5.14 to $6.52 = $1.38 | 24% |
| 2000-01 | From $6.52 to $7.12 = $0.60 | 9% |
| 2001-02 | From $7.12 to $7.95 = $0.83 | 11% |

12. There are two criteria that SunAmerica had to meet before raising COI Rates. First, as the controlling policy language in the Mutual Life Block of Policies states, "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." Second, any COI Rate Increases had to be less than the maximum guaranteed rates set out in the insurance policy's COI Rate Table.

13. The COI Rate Increases were **NOT** made "in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which" any of the Mutual Life Block of Policies were delivered.

14. As a result, the COI Rate Increases are in breach of the terms of the policy language of the Mutual Life Block of Policies and are therefore invalid even if the COI

3

Rate Increases were less than the guaranteed maximum increases set out in the policy's COI Rate Table.

15.     In addition, SunAmerica violated DOI Regulations and, in turn, state consumer protection statutes by not following the required filing when increasing COI Rates and/or failing to make the required filing in the first place.

16.     SunAmerica fraudulently concealed that it had made the COI Rate Increases in violation of the relevant insurance policy's terms and/or DOI Regulations by misrepresenting to the named Plaintiffs and their agents several times between 2001 and the present that the Rehabilitation Plan authorized it to make the COI Rate Increases.  To the contrary, the truth, which SunAmerica knew or should have known, is that the COI Rate Increases were governed by the insurance policy language quoted above in ¶12.

17.     Specifically, SunAmerica engaged in the following pattern of deceptive communications with Plaintiffs' representatives:

    (a) From September of 2002 until prior to May 9, 2003, Plaintiffs' insurance representative and SunAmerica engaged in oral communications regarding the reasons for the COI Rate Increases.

    (b) On May 9, 2003, Plaintiffs' insurance representative wrote to SunAmerica, noted that there have been ongoing discussions since "September of 2002," and asked SunAmerica to explain in writing why it enacted the COI Rate Increases (the May 9 Letter").

    (c) On May 28, 2003, SunAmerica answered the May 9 Letter, falsely claimed that it was authorized to enact the COI Rate Increases under the Rehabilitation Plan, and failed to disclose whether it followed the

4

        procedures on file with the MA DOI for enacting COI Rate Increases, as required by the policy (the "May 28 Letter").

    (d) On July 21, 2003, Plaintiffs' insurance representative wrote back to SunAmerica and again asked for it to explain how it calculated the COI Rate Increases (the "July 21 Letter").

    (e) On August 5, 2003, SunAmerica answered the July 21 Letter, again falsely claimed that it was authorized to enact the COI Rate Increases under the Rehabilitation Plan, and again failed to disclose whether it followed the procedures on file with the MA DOI for enacting COI Rate Increases, as required by the policy (the "August 5 Letter").

    (f) On February 18, 2005, Plaintiffs' attorney served an MGLC 93A demand letter on SunAmerica alleging that it had enacted the COI Rate Increases in violation of the terms of the policy (the "93A Demand Letter").

    (g) On March 21, 2005, SunAmerica answered the 93A Demand Letter, again falsely claimed that it was authorized to enact the COI Rate Increases under the Rehabilitation Plan, and again failed to disclose whether it followed the procedures on file with the MA DOI for enacting COI Rate Increases, as required by the policy (the "93A Response").

18.     The statute of limitations is tolled by the discovery rule. The named Plaintiffs did not know, and in the exercise of reasonable diligence could not have known, that SunAmerica made the COI Rate Increases in violation of the terms of their policy

because SunAmerica has refused to disclose to them the method by which it calculates COI Rate Increases and the information is not available anywhere else. In fact, SunAmerica admits that it does not know itself the "procedures and standards" it was supposed to follow.

## CLASS ALLEGATIONS

19. Plaintiffs brings this case as a class action under MGLC 93A, § 11 and Federal Rule of Civil Procedure 23 because they believe Defendant's conduct has been systematic and has harmed other persons besides themselves.

20. Because an MGLC 93A class claim is certified under different requirements than non-93A claims, the Class has been divided into two subclasses: the Non-93A Subclass (all claims but the MGLC 93A claim to be certified under Fed. R. Civ. P. 23) and the 93A Subclass (the MGLC 93A claim certified under MGLC 93A, § 9). The two Subclasses combined are sometimes referred to collectively herein as the Class.

### Class Certification under Federal Rule 23

21. The Non-93A Subclass consists of all persons who (1) purchased a life insurance policy from Mutual Benefit Life, (2) converted their policy to a common form policy during the rehabilitation of Mutual Benefit Life and (3) following that rehabilitation, had their policies assumed by SunAmerica. Excluded from the Non-93A Subclass are any of Defendant's directors, officers, employees, agents, attorneys, successors and/or assigns.

22. Plaintiffs do not yet know the exact size of the Class because that information is in defendant's exclusive control, but believe that the total number of Class members numbers in the thousands and that they are located throughout the country. Consequently, joinder of all members of the Class would be impracticable.

6

23. Plaintiffs will fairly and adequately protect the interests of the Class members, and have engaged experienced and competent class counsel. Plaintiffs have no interests antagonistic to those of the other members of the Class.

24. Plaintiffs' claims are typical of the claims of the Class in that each was forced to pay higher policy premiums because of SunAmerica's increase in COI rates in violation of the terms of his/her policy.

25. Defendant has refused to enact COI Rate Increases only in accordance with the regulatory filings it should have made.

26. The rights of Plaintiffs and the Class involve common questions of law and fact that would predominate over questions affecting only individual members of the Class. Whatever difficulties may exist in the management of the Class are generally outweighed by the advantage of that procedure, including but not limited to providing claimants with a method for redress of claims that might otherwise not warrant individual litigation.

27. The questions of law and fact common within the Class include, but are not limited to:

    a. whether defendant increased COI rates in violation of the terms of the relevant insurance contracts;

    b. whether defendant's conduct in increasing COI rates violated state DOI Regulations and/or consumer protection statutes;

    c. whether defendant's failure to adequately disclose the manner in which it had calculated increases in COI rates constitutes a separate and distinct violation of state consumer protection statutes;

        d.    the measure of damages by which defendants' conduct injured all members of the Class; and

        e.    whether the Class is entitled to injunctive relief as a result of defendant's continuing conduct.

28.    Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort.  Class treatment will also permit the adjudication of smaller claims by Class members, for whom it would not be economically rational to litigate individually against a large corporate defendant.

### Class Certification under MGLC 93A, §9

29.    The 93A Subclass consists of all Massachusetts persons who (1) purchased a life insurance policy from Mutual Benefit Life, (2) converted their policy to a common form policy during the rehabilitation of Mutual Benefit Life and (3) following that rehabilitation, had their policies assumed by SunAmerica.  Excluded from the 93A Subclass are any of Defendant's directors, officers, employees, agents, attorneys, successors and/or assigns.

30.    Defendant's use or employment of unfair methods of competition or unfair or deceptive acts or practices as described herein have caused similar injury to numerous other persons similarly situated.

31.    Plaintiffs will adequately and fairly represent such persons.

### COUNT I: Breach of Contract

32.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

33. There is a contract (insurance policy in the Mutual Life Block of Policies) between SunAmerica and each Class member.

34. The policy language in the contracts in the Mutual Life Block of Policies sets forth the terms under which SunAmerica can make COI Rate Increases.

35. SunAmerica breached those contracts by making COI Rate Increases in violation of the terms of the policies in the Mutual Life Block of Policies.

36. SunAmerica's breach directly and proximately damaged each Class member in an amount to be determined at trial by raising his/her premiums in an amount approximately equal to the unauthorized increase in COI rates.

### **COUNT II: Violation of Massachusetts Consumer Protection Statue**

37. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

38. By making unauthorized COI Rate Increases, SunAmerica willfully and knowingly violated 211 CMR 95.06 and committed an unfair or deceptive act or practice within the meaning of MGLC 93A.

39. Alternatively, by failing to make the filings required by 211 CMR 95.06, SunAmerica willfully and knowingly violated the MA DOI Regulations and committed an unfair or deceptive act or practice within the meaning of MGLC 93A.

40. Plaintiffs served an MGLC 93A demand letter on SunAmerica but SunAmerica refused to make a reasonable offer of settlement either to the named Plaintiffs or the Class.

41. SunAmerica's unfair or deceptive acts or practices have violated MGLC 93A and proximately injured the named Plaintiffs and the Class in an amount to be determined at trial.

42. Because SunAmerica's violations of MGLC 93A have been willful and knowing and/or its refusal to grant class-wide relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated MGLC 93A, the named Plaintiffs and the Class are entitled to treble damages, attorneys' fees and expenses.

### COUNT III: Violation of California Unfair Business Practices Act

43. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

44. SunAmerica's conduct in making unauthorized COI Rate Increases constitutes and unlawful and/or unfair business practice within the meaning of the California Unfair Business Practices Act.

45. SunAmerica's conduct emanated from its corporate headquarters in Los Angeles, CA.

46. SunAmerica's conduct was unfair because it raised premiums without authorization for policyholders who had not choice but to pay the increases or surrender the policy.

47. SunAmerica's conduct was unlawful because it made COI Rate Increases in violation of the procedure it had on file with each state's Division of Insurance and/or failed to make the filing required by DOI Regulation and/or unjustly enriched itself at the expense of the Plaintiffs.

48. As a direct and proximate result of its conduct, SunAmerica has received, and continues to hold, ill-gotten gains that belong to the Plaintiffs.

49.    Plaintiffs are accordingly entitled to damages and equitable relief in the form of restitution and disgorgement of all earnings, profits, compensation and benefits obtained by SunAmerica as a result of such unfair and/or unlawful business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

A.    That this action may be maintained as a class action under Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure and/or MGLC 93A, and that notice to the Class be provided in compliance with Fed. R. Civ. P. 23(c)(2);

B.    That the Court hold that SunAmerica breached its insurance contract with Plaintiffs and the Class and/or breached the implied duty of good faith and fair dealing and/or violated the Massachusetts Consumer Protection Statute and/or violated the California Unfair Business Practices Act;

C.    That judgment be entered against SunAmerica and in favor of the Plaintiffs and the members of the Class for damages as allowed by law and/or restitution by equity, together with costs of suit (including expert costs), and reasonable attorney fees as provided by law;

D.    That the judgment so entered include trebling of damages determined to have been sustained by Plaintiffs and the members of the Class for damages as allowed by law, together with costs of suit (including expert costs), and reasonable attorney fees as provided by law;

F.    That SunAmerica be enjoined from increasing COI Rates in breach of the terms of its own insurance policies;

G.    That the Court award Plaintiffs and members of the Class pre-judgment and post-judgment interest as permitted by law; and

H.    That the Court award Plaintiffs and members of the Class such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues triable of right by a jury.

DATED: 9 November 2005                    _____/s/_____
                                                                  John Peter Zavez (#555721)
                                                                  Noah Rosmarin (#630632)
                                                                  ADKINS KELSTON & ZAVEZ, P.C.
                                                                  90 Canal Street
                                                                  Boston, MA  02114
                                                                  Tel: (617) 367-1040
                                                                  Fax:  (617) 742-8280

## CERTIFICATE OF SERVICE

I certify that on 9 November 2005, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.                    _____/s/_____
                John Peter Zavez