UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
NANCY BROOKS AND JOAN SILVERMAN,        :
                        Plaintiffs,     :   Civil Action
                                        :   No. 05-10994-WGY
            v.                          :
                                        :
AIG SUNAMERICA LIFE ASSURANCE           :
COMPANY,                                :
                                        :
                        Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DEFENDANT AIG SUNAMERICA'S OPPOSITION TO PLAINTIFFS'
CROSS-MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

Plaintiffs Nancy Brooks' and Joan Silverman's (collectively, "plaintiffs") cross-motion is predicated on a specious assertion: that defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") "admits that it both breached its insurance contract and violated the regulations of the Massachusetts Division of Insurance . . . in raising [monthly] COI Rates on plaintiffs' insurance policy."[1]  To support that assertion, plaintiffs rely on AIG SunAmerica's motion to dismiss briefing, but that briefing merely stated that AIG SunAmerica did not know (and, indeed, plaintiffs themselves do not know) what "procedures and standards" the Complaint relies upon or how AIG SunAmerica allegedly breached those "procedures and standards." Indeed, the Complaint's conclusory allegations of breach prompted this Court to order plaintiffs to file a "supplemental pleading identifying with some specificity the provision or provisions of

---

[1] Plaintiffs' Cross-Motion For Partial Judgment On The Pleadings at 1 (Docket No. 20) ("Cross-Motion") (cited as "Cross-Motion at __.")

the contract alleged to have been breached and the manner in which they were breached."[2]

Simply put, AIG SunAmerica did not "admit breaching" anything and, accordingly, plaintiffs' Cross-Motion should be denied.[3]

## ARGUMENT

### Plaintiffs' Cross-Motion Should Be Denied Because Plaintiffs' Assertion That AIG SunAmerica "Admits Breaching" The Policy Is Specious

Plaintiffs' entire motion is premised upon the assertion that AIG SunAmerica somehow "admits breaching" the Policy.  (Cross-Motion at 1.)  Plaintiffs' citation to AIG SunAmerica's motion to dismiss briefing does not support that erroneous contention,[4] and, indeed, contradicts that argument.  Rather than admitting that it breached anything, AIG SunAmerica argued that the Complaint does not give it notice of what plaintiffs allege to be breached: "[AIG SunAmerica] does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire Complaint."[5]  There can be no admission in pointing out the vagueness of plaintiffs' complaint.

Moreover, the Complaint (and plaintiffs' argument in opposition to AIG SunAmerica's motion to dismiss) premised its argument on the mistaken contention that the

---

[2] Transcript of Motion Hearing dated October 5, 2005 at 8:17-19 (cited as "Trans. at __.") (attached as Exhibit A to the Memorandum Of Law In Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 16)).

[3] The Cross-Motion should be denied for the independent reason that plaintiffs failed to comply with Local Rule 7.1(A)(2) regarding the requirement to confer prior to filing any motion in this Court.  Indeed, the Cross-Motion fails to include any recitation of plaintiffs' attempts to comply with the certification requirements contemplated by the Local Rules.

[4] See Plaintiffs' Memorandum In Support Of Their Own Cross-Motion For Partial Judgment On The Pleadings at 2 (Docket No. 22).

[5] Reply Memorandum Of Law In Further Support Of Defendant AIG SunAmerica's Motion To Dismiss at 3-4 (Docket No. 10) ("Reply Brief") (emphasis added).

policy issued to Mr. Silverman during the Rehabilitation Period (the "Policy") does not control at all, but rather the original policy issued in 1984 (the "1984 Policy") controls because after the Rehabilitation Period, the Policy somehow reverted back to the 1984 Policy.  (See Compl. ¶ 17 ("the temporary restructuring of the Mutual Benefit Block of Policies into common form policies expired and the original terms of the Class members' policies controlled again).)[6]  In its Reply Brief, AIG SunAmerica demonstrated that plaintiffs' argument was erroneous, as the 1984 Policy did not even contain the language plaintiffs rely upon.  (Reply at 4-5.)  Accordingly, AIG SunAmerica does not (and could not) know what the Complaint is referring to.[7]

Plaintiffs' newfound argument that the Policy mandates the filing of such "procedures and standards" is not only wrong,[8] but was not even asserted until after AIG SunAmerica's alleged "admission."  Indeed, plaintiffs concocted their new theory only after realizing that their allegations concerning the applicability of the 1984 Policy were mistaken,[9] and then only after the Court directed them to file a "supplemental pleading identifying with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached."  (Trans. at 8:16-19.)   AIG SunAmerica did not (and

---

[6]  See also Plaintiffs' Opposition To Defendant's Motion To Dismiss at 8 (Docket No. 8) (asserting that the "procedures and standards" would not be on file at the Massachusetts Division of Insurance because the policy was purchased in 1984 and the Massachusetts Division of Insurance "rarely retains filed documents beyond 7 years.").

[7]  Tellingly, plaintiffs' proposed amended complaint (which was filed contemporaneously with plaintiffs' Cross-Motion) abandons all allegations concerning their theory that the Policy reverted to the 1984 Policy at the close of the Rehabilitation Period.  (See Docket No. 24.)

[8]  See Reply Memorandum Of Law In Further Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings at 3-4 (Docket No. 25).

[9]  See Plaintiffs' Supplement To Their Opposition To Defendant's Motion To Dismiss at 1-3 (conceding that the Policy controls and attempting -- for the first time -- to explain how the Policy mandates the filing of the still unidentified "procedures and standards") (Docket No. 12).

could not) "admit" to breaching "procedures and standards" that are unidentified in the Complaint, and then asserted to exist (after the purported "admission") as part of plaintiffs' evolving theory of liability. Plaintiffs' "admission" argument is specious, and the Cross-Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' Cross-Motion (Docket No. 20) should be denied in its entirety.

Dated: November 23, 2005  
       Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll  
James R. Carroll (BBO #554426)  
Michael S. Hines (BBO #653943)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800

Counsel for Defendant  
AIG SunAmerica Life Assurance Company

## CERTIFICATE OF SERVICE

I, Michael S. Hines, hereby certify that on November 23, 2005, I caused a true copy of the foregoing Defendant AIG SunAmerica's Opposition To Plaintiff's Cross-Motion For Partial Judgment On The Pleadings to be served electronically via the Court's Electronic Filing System upon counsel for plaintiffs, John Peter Zavez.

Dated: November 23, 2005

/s/ Michael S. Hines  
Michael S. Hines