UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
NANCY BROOKS and JOAN SILVERMAN,       :
                        Plaintiffs,    :   Civil Action
                                       :   No. 05-10994-WGY
        v.                             :
                                       :
AIG SUNAMERICA LIFE ASSURANCE          :
COMPANY,                               :
                        Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DEFENDANT AIG SUNAMERICA'S OPPOSITION
TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

Defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") respectfully submits this opposition to Plaintiffs' Motion To Amend Complaint (Docket No. 23) (the "Motion").[1]

The Court's October 5, 2005 Order (the "Order") required plaintiffs Nancy Brooks and Joan Silverman (collectively, "plaintiffs") to file a "supplemental pleading identifying with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached."[2] Plaintiffs did not file a pleading, instead choosing to

---

[1] To avoid repetition, AIG SunAmerica adopts and incorporates as if set forth herein the arguments and authorities in the Reply Memorandum Of Law In Further Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 25).

[2] Transcript of Motion Hearing dated October 5, 2005 at 8:15-19 (cited as "Trans. at __.") (attached as Exhibit A to the Memorandum Of Law In Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 16)).

file a brief in further opposition to AIG SunAmerica's motion to dismiss.[3]  Now, well beyond the timeframe ordered by the Court (and after AIG SunAmerica filed its Answer And Affirmative Defenses and a Motion For Judgment On The Pleadings), plaintiffs seek to file an amended complaint.[4]  Plaintiffs' belated attempt to start anew should be rejected and their motion denied.

In addition to being untimely, the Motion should be denied on the independent ground that the proposed amendments are futile, as they do not comply with the Order and, accordingly, would not survive a motion to dismiss:[5]

1.  The Proposed Complaint does not satisfy the Order requiring plaintiffs to identify what "procedures and standards" they rely upon.  Indeed, plaintiffs still predicate their entire case on AIG SunAmerica's alleged breach of "procedures and standards," but nowhere in the Proposed Complaint do plaintiffs identify what "procedures and standards" they are referring to.  AIG SunAmerica is still left to guess.  That is insufficient as a matter of law and the Motion should be denied on that basis alone.

2.  Independent of the dispositive failure to identify what the "procedures and standards" are, the Proposed Complaint also does not identify how those "procedures and standards" were allegedly breached.  Indeed, the Proposed Complaint puts forth only the same insufficient allegation of breach as does the currently operative complaint (Docket No. 1):

---

[3]  See Plaintiffs' Supplement To Their Opposition To Defendant's Motion To Dismiss (Docket No. 12).

[4]  See First Amended Class Action Complaint And Jury Demand (Docket No. 24) (the "Proposed Complaint") (cited as "Proposed Compl. ¶ __.").

[5]  AIG SunAmerica raises futility solely for the purpose of obtaining the denial of the Motion and, accordingly, expressly reserves its right to file a motion to dismiss in the event the Court permits the filing of the Proposed Complaint.

> "The COI Rate Increases were not made 'in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which' any of the Mutual Life Block polices were delivered."

(Proposed Compl. ¶ 13) (emphasis omitted).) That conclusory allegation falls woefully short of "identifying with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached."[6] (Trans. at 16-19.)

## Conclusion

For all of the foregoing reasons, plaintiffs' Motion should be denied.

Dated: November 23, 2005　　　　　　　　　　Respectfully submitted,
　　　　　Boston, Massachusetts

　　　　　　　　　　　　　　　　　　　　　　 /s/ James R. Carroll
　　　　　　　　　　　　　　　　　　　　　　James R. Carroll (BBO #554426)
　　　　　　　　　　　　　　　　　　　　　　Michael S. Hines (BBO #653943)
　　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　  MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　　One Beacon Street
　　　　　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02108
　　　　　　　　　　　　　　　　　　　　　　(617) 573-4800

　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　　　AIG SunAmerica Life Assurance Company

## CERTIFICATE OF SERVICE

　　　　I, Michael S. Hines, hereby certify that on November 23, 2005, I caused a true copy of the foregoing Defendant AIG SunAmerica's Opposition To Plaintiffs' Motion To Amend Complaint to be served electronically via the Court's Electronic Filing System upon counsel for plaintiffs, John Peter Zavez.

Dated: November 23, 2005　　　　　　　　　　 /s/ Michael S. Hines
　　　　　　　　　　　　　　　　　　　　　　Michael S. Hines

---

[6] Plaintiffs' Motion should be denied for the independent reason that plaintiffs failed to comply with Local Rule 7.1(A)(2) regarding the requirement to confer prior to filing any motion in this Court. Indeed, the Motion fails to include any recitation of plaintiffs' attempts to comply with the certification requirements contemplated by the Local Rules.