UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NANCY BROOKS & <br> JOAN SILVERMAN, <br><br>         Plaintiffs, <br><br>         v. <br><br> AIG SUNAMERICA LIFE ASSURANCE <br> COMPANY, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) NO. 05-10994-WGY <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER

YOUNG, C.J.                                              November 29, 2005

   This Court has carefully considered the briefs submitted by both parties and understands the assertions of the Plaintiffs to be as follows:

   Nancy Brooks and Joan Silverman (collectively "the Trustees") assert that procedures and standards for the calculation of Cost of Insurance ("COI") rates for Donald Silverman's policy were filed with state of Massachusetts and then breached by AIG SunAmerica Life Assurance Company ("SunAmerica"). See Pl. Supplement To Their Opp'n To Def.'s Mot. to Dismiss ("Pl. Supplement") [Doc. No. 12] ¶¶ 2,5-6. They rely on a Massachusetts regulation and a provision of the policy to

support their assertion that this filing was actually made. See id. ¶¶ 2,4. On its face this regulation has nothing to do with cost of insurance rates.

The regulation provides that:

> Each filing for approval of a variable life insurance policy form shall include an actuarial memorandum, prepared and certified by a qualified actuary...which contains a description of the company's methodology(ies) used to determine reserve liabilities for any guaranteed death benefits and other contigencies, including the <u>mortality</u>, expenses, and other risks which the insurer will bear under the policy.

211 Mass. Code Regs. 95.06(2) (emphasis added).

The Trustees reliance on this regulation is based on their conclusion that mortality is the same as cost of insurance. See Pl. Supplement ¶ 4 (quoting the regulation and inserting after "mortality", the phrase "[i.e., the cost of insurance]"). The language of the insurance policy belies that conclusion:

> The monthly cost of insurance rate is based on the sex age and rate class of the insured. Monthly cost of insurance rates will be determined by us annually, by class, based on future expectations as to investment earnings, <u>mortality</u>, persistency and expenses, including taxes.

Def. Answer to Compl. and Affirmative Defenses [Doc. No. 14], Ex. A ("Silverman Policy") at § 14. (emphasis added).

According to the policy, mortality is just one of the factors that comprises the cost of insurance calculation; it is not a synonym for cost of insurance as the Trustees suggest.

This regulation cannot support the Trustees assertion that COI procedures and standards were filed.

The Trustees also identify, as containing these procedures and standards, a "statement of the method of calculation of [the cash values of the policy]... filed with the insurance official in the jurisdiction in which this policy is delivered." Silverman Policy at § 13 ("Statement of Cash Values"); Pl. Supplement ¶ 2.  The provisions of the policy do imply some relationship between cost of insurance rates and this Statement of Cash Values.  <u>See</u> Silverman Policy at § 14.

The Court therefore orders SunAmerica to produce this Statement of Cash Values as described in section 13 of Mr. Silverman's life insurance policy to determine whether it contains any procedures or standards for the calculation of COI insurance rates.  SunAmerica must produce this document by December 12, 2005.  If unable to produce the Statement of Cash Values by this date, SunAmerica must submit an affidavit to this court explaining why it was not produced and the date SunAmerica expects to be able to produce this document.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE