IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>　　　　　Defendant. | Civil Action No. 05-10994-WGY |

**PLAINTIFFS' MOTION TO RECONSIDER IN PART
THE COURT'S ORDER OF 29 NOVEMBER 2005**

　　　　Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby move the Court to reconsider the portion of its 29 November 2005 order (the "Order") in which it concluded that MA DOI regulations did not require defendant to file its procedures and standards for calculating its cost of insurance ("COI") rates. The Court reached that erroneous conclusion by reasoning that MA DOI regulations did not cover COI rates because COI is not identical to mortality. Plaintiffs, however, were attempting to make the slightly different point that MA DOI regulations impliedly required defendant to file its procedures and standards for COI rates, not as a separate document, but necessarily as part of the calculations expressly required by MA DOI regulations.

　　　　First, MA DOI regulations require insurers to file "an actuarial memorandum . . . used to determine reserve liabilities . . . including the mortality, expenses, and other risks which the insurer will bear under the policy." Order at 2 (quoting 211 CMR 95.06(2)). Second, because the COI is based on "future expectations as to investment earnings,

mortality, persistency and expenses, including taxes," Order at 2 (quoting Silverman Policy at §14), that "actuarial memorandum" will necessarily include calculations of the underlying factors (mortality, expenses, risks) that are also required to calculate COI. Third, because in essence the calculation of "reserve liabilities" involves projections of the amount of money added to a class of policies (*e.g.,* from premiums and investment income) minus the amounts paid out (*e.g.,* from expenses, investment losses and mortality/death benefits), that calculation necessarily requires calculation of COI. *See* 211 CMR 95.10(1) ("Reserve liabilities . . . shall be established . . . in accordance with actuarial procedures that recognize . . . any morality guarantees, including the **cost of insurance** charges guaranteed under the contract.") (emphasis added). Fourth, plaintiffs' interpretation is the only one consistent with defendant's promise that "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." New Policy at §14. After all, why would the defendant promise to make a regulatory filing unless it (correctly) believed that such filing was required?

       In addition, the Court correctly concludes that there is a "relationship between cost of insurance rates and this Statement of Cash Values." Order at 3. *See* 211 CMR 95.01 ("Cash value means the amount, specified by the terms of the variable life insurance policy, to which separately identified mortality, expense or other charges are made."). Therefore, a calculation of cash value would necessarily require an underlying calculation of the components that make up COI.

Consequently, the Court should **grant** Plaintiffs' Motion to Reconsider in Part the Court's Order of 29 November 2005 and **hold** that 211 CMR 95.06 required defendant to file an actuarial memorandum showing in part how it intended to calculate COI rates.

Respectfully submitted,

DATED: 9 December 2005

_____/s/_____
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax:  (617) 742-8280

**CERTIFICATE OF SERVICE**

I certify that on 9 December 2005, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.

_____/s/_____
John Peter Zavez