UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
NANCY BROOKS and JOAN SILVERMAN,     :
                    Plaintiffs,      :    Civil Action
                                     :    No. 05-10994-WGY
         v.                          :
AIG SUNAMERICA LIFE ASSURANCE        :
COMPANY,                             :
                    Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DEFENDANT AIG SUNAMERICA'S OPPOSITION
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") respectfully submits this opposition to Plaintiffs' Motion For Reconsideration (Docket No. 30) (the "Motion") (cited as "Motion at __."). The Motion should be denied for the following three reasons:

1.   A motion for reconsideration should not be granted where -- as here -- the movant fails to demonstrate "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000) (denying motion for reconsideration ).  As in Davis, plaintiffs Nancy Brooks and Joan Silverman ("plaintiffs") do not purport "to predicate their motion for reconsideration on a change in controlling law, the existence of newly available evidence, or clear error . . . ." Id.  Indeed, the Motion does not even acknowledge (let alone satisfy) this stringent standard.  Instead, plaintiffs argue that the Court should reconsider its November 29, 2005 Order (Docket No. 29) (the "Order") because plaintiffs "were attempting to make a slightly different point" than the one they argued.  (Motion at 1.)  Even so, plaintiffs

attempt to "improve upon [their] arguments or try out new arguments" is impermissible on a motion for reconsideration.  Davis, 89 F. Supp. 2d at 149 (quotation omitted).  Plaintiffs' Motion should be denied for this reason alone.

2.	Even if the Court were to consider plaintiffs' request, the Motion adds nothing new for the Court's consideration.  Instead, the Motion merely repeats the same conclusory argument that calculation of reserve liabilities "necessarily" includes the calculation of cost of insurance.[1]  As the Court correctly noted however, "[o]n its face this regulation has nothing to do with cost of insurance rates" (Order at 2) (emphasis added), and plaintiffs have offered no new authority to the contrary.  Moreover, plaintiffs continue to ignore that this case is not about inadequate reserve liabilities, but rather the change in monthly cost of insurance rates for Mr. Silverman's age category.  Plaintiffs' effort to force a non-existent requirement onto AIG SunAmerica is unavailing and should be rejected (again).  This is particularly so because plaintiffs have already conceded that AIG SunAmerica deducted less than the maximum monthly COI rate permitted by the express terms of the Policy.  (Compl. ¶ 21.)

3.	For the third time, plaintiffs failed to comply with Local Rule 7.1(A)(2) regarding the requirement to confer prior to filing any motion in this Court.[2]  The Motion fails to include any recitation of plaintiffs' attempts to comply with the certification requirements contemplated by the Local Rules, because no such efforts occurred.  The Motion should be denied for this reason as well.

---

[1]    Compare Motion at 2 (Calculation of reserve liabilities "necessarily requires calculation of COI) with Plaintiffs' Memorandum In Support Of Their Cross-Motion For Partial Judgment On The Pleadings at 4 ("calculation of reserve values . . . . necessarily includes a calculation of COI Rates") (Docket No. 22).

[2]    See also Plaintiffs Cross-Motion For Judgment On The Pleadings (Docket No. 20) and Plaintiffs Motion To Amend Complaint (Docket No. 23).

**Conclusion**

For all of the foregoing reasons, plaintiffs' Motion should be denied.

Dated: December 13, 2005  
      Boston, Massachusetts

Respectfully submitted,

 /s/  James R. Carroll  
James R. Carroll (BBO #554426)  
Michael S. Hines (BBO #653943)  
SKADDEN, ARPS, SLATE,  
  MEAGHER & FLOM LLP  
One Beacon Street  
Boston, Massachusetts 02108  
(617) 573-4800

Counsel for Defendant  
AIG SunAmerica Life Assurance Company

**CERTIFICATE OF SERVICE**

    I, Michael S. Hines, hereby certify that on December 13, 2005, I caused a true copy of the foregoing Defendant AIG SunAmerica's Opposition To Plaintiffs' Motion For Reconsideration to be served electronically via the Court's Electronic Filing System upon counsel for plaintiffs, John Peter Zavez.

Dated: December 13, 2005

 /s/  Michael S. Hines  
Michael S. Hines