UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NANCY BROOKS AND JOAN SILVERMAN   :

          Plaintiffs,      Civil Action
                          :   No. 05-10994-WGY
  v.
                          :
AIG SUNAMERICA LIFE ASSURANCE
COMPANY,   :

         Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT AIG SUNAMERICA'S SUPPLEMENTAL
FILING PURSUANT TO THE COURT'S NOVEMBER 29, 2005 ORDER**

**Preliminary Statement**

On November 29, 2005, the Court entered an Order requiring defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") to file a document described as the "statement of the method of calculation of values," which is referenced in paragraph 13 of Mr. Silverman's policy (the "Policy").[1] AIG SunAmerica has conducted a diligent search of its files and has not been able to locate the document representing the statement of the method of calculation of values filed in the Commonwealth of Massachusetts.[2] AIG SunAmerica did, however, locate the statement of the method of calculation of values filed in the state of Texas

---

[1] The Policy is attached as Exhibit A to AIG SunAmerica's Answer And Affirmative Defenses (Docket No. 14).

[2] Such a statement would not have been filed by AIG SunAmerica in the first instance. AIG SunAmerica purchased the Policy in 1999 from MBL Life Assurance Corporation ("MBL Life"). MBL Life would have filed that document before that time. See Affidavit of Gavin D. Friedman dated December 12, 2005 ¶¶ 6-7 (Docket No. 31) (the "December 12th Friedman Affidavit") (cited as "Dec. 12 Friedman Aff. ¶ __.").

(the "Statement of Values").[3]  The Statement of Values is <u>identical</u> to the document believed to have been filed in Massachusetts insofar as it concerns the determination of cost of insurance ("COI") rates, and provides no basis for any claim that any "procedures and standards" were violated.[4]

Plaintiffs Nancy Brooks' and Joan Silverman's ("plaintiffs") entire case hinges exclusively on one conclusory "information and belief" allegation about whether monthly COI rate increases complied with unidentified "procedures and standards:"

> "20.  Upon information and belief, the [Cost of Insurance] Rate Increases were not made 'in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which' any of the Mutual Life Block of Policies were delivered."

(Compl. ¶ 20 (emphasis omitted).)  Plaintiffs have never identified the "procedures and standards" on which they base their complaint.  Instead, they speculated that the "procedures and standards" <u>might</u> be found in the Statement of Values.[5]

The Statement of Values, however, is <u>irrelevant</u> to the issue of this litigation: the change in monthly COI rates.  (<u>See</u> Compl. ¶¶ 19-20.)  In other words, the Statement of Values is not (and cannot be) the "procedures and standards" referenced in the Complaint.  (<u>Id.</u> ¶ 20.) Indeed, the only context in which the methodology of the calculation of monthly COI rates is mentioned in the Statement of Values is in Section IV and accompanying Exhibit 1 -- which

---

[3]     <u>See</u> Affidavit of Gavin Friedman dated December 29, 2005 (the "December 29th Friedman Affidavit") (cited as "Dec. 29 Friedman Aff. ¶ __."), filed contemporaneously herewith. The Statement of Values is attached as Exhibit A to the December 29th Friedman Affidavit.

[4]     <u>See</u> Affidavit of Gary Strunk ¶ 6 (the "Strunk Affidavit) (cited as "Strunk Aff. ¶ __"), filed contemporaneously herewith.

[5]     <u>See</u> Plaintiffs' Supplement To Their Opposition To Defendants Motion To Dismiss at 2-3 (Docket No. 12); <u>see also</u> Plaintiffs' Memorandum In Support Of Their Cross-Motion For Partial Judgment On The Pleadings at 2-5 (Docket No. 22).

2

concern the calculation of the guaranteed maximum monthly COI rates allowed pursuant to the Policy. (See Statement of Values at 9.) Plaintiffs have conceded, however, that the monthly COI rates were far less than the maximum permitted under the Policy.

Because plaintiffs are still unable to identify the "procedures and standards" they allege were breached, and because plaintiffs concededly were charged far less than the agreed-upon contractual minimum, AIG SunAmerica's motion for judgment on the pleadings (Docket No. 15) should now be granted and this case dismissed with prejudice.

## Argument

The Court's November 29, 2005 Order required AIG SunAmerica to file the document referenced in paragraph 13 of the Policy. (Order at 3.) In response to that Order, AIG SunAmerica filed the December 12th Friedman Affidavit, describing AIG SunAmerica's search for the document. (See Dec. 12 Friedman Aff. ¶¶ 8-9.) The December 12th Friedman Affidavit further stated that AIG SunAmerica would continue to search for the document and make a supplemental filing by December 30, 2005. (Id. ¶ 9.)

After a diligent search, AIG SunAmerica is still unable to locate the exact document believed to have been filed by MBL Life with the Division of Insurance in the Commonwealth of Massachusetts. (Dec. 29 Friedman Aff. ¶ 5.) AIG SunAmerica's inability to locate the document is not particularly surprising both because it is not the entity that would have filed the document in the first instance (id. ¶ 3), and because there is no requirement that a copy of the document be retained some 11 years after the fact. (See Policy ¶ 13.) Indeed, the Massachusetts Division of Insurance does not maintain copies of such filings so long after the fact. (Dec. 29 Friedman Aff. ¶ 5.)

AIG SunAmerica was, however, able to locate the Statement of Values filed in the state of Texas. (Id. ¶¶ 6-7.) As demonstrated below, and by the Strunk Affidavit filed

3

herewith, the Statement of Values would not have differed from the document filed in Massachusetts insofar as they describe the calculation of monthly COI rates. Moreover, as demonstrated by the Statement of Values, that document simply has <u>nothing</u> to do with this case, and cannot be the "procedures and standards" on which plaintiffs rely.

**1.    The COI Calculation In The Texas Statement Of Values Is Identical To The Document Filed In Massachusetts**

Gary Strunk ("Mr. Strunk") is a former Associate Actuary of MBL Life and was responsible for, among other things, drafting the actuarial memorandum concerning the Policy.[6] (Strunk Aff. ¶¶ 1, 3, 6.) As Mr. Strunk attests, MBL Life would draft a "generic memorandum" and tailor that memorandum to "certain states' requirements regarding the minimum interest rate a life insurer was entitled to credit a policyowner." (Id. ¶ 6.) Most importantly, Mr. Strunk testifies that the memorandum "<u>would not have differed by state with respect to the calculation of COI rates</u>." (Id.) It is therefore appropriate for the Court to consider the Texas Statement of Values as the document referenced in paragraph 13 of the Policy.

**2.    The Statement Of Values Is Not The "Procedures And Standards" On Which Plaintiffs Base Their Complaint**

During the October 5, 2005 motion hearing, the Court ordered plaintiffs to file a "supplemental pleading identifying with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached."[7] Instead of identifying the "procedures and standards," plaintiffs filed a brief arguing that the "procedures

---

[6]    AIG SunAmerica purchased Mr. Silverman's Policy, as well as other restructured polices, from MBL Life in 1999 and has been responsible for administering the Policy since that time. (See Compl. ¶ 17.)

[7]    Transcript of Motion Hearing dated October 5, 2005 at 8:9-19 (attached as Exhibit A to Memorandum Of Law In Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 16)).

and standards" *might* be found either in (i) the document referenced in paragraph 13 of the Policy or (ii) in the actuarial memorandum contemplated by 211 Mass. Code Regs. 95.06 (2004).[8] The Court's November 29th Order rejected plaintiffs' theory concerning the Massachusetts regulations, while deferring to rule on plaintiffs' theory relating to the document referenced in paragraph 13. (Order at 3.) The Statement of Values filed herewith demonstrates that the "statement of the method of calculation of values" (Policy ¶ 13) is not, and cannot be, the "procedures and standards" referenced in paragraph 14 of the Policy because the Statement of Values does not govern and, indeed is irrelevant, to the change in monthly COI rates.

The only context in which the methodology of the calculation of monthly COI rates is mentioned in the Statement of Values is in Section IV and Exhibit 1. (See Statement of Values at 9.) Those sections, however, concern the calculation of maximum monthly COI rates allowed under the Policy. (Id.) Indeed, the maximum monthly cost of insurance rates for each attained age set forth in Exhibit 1 to the Statement of Values (male, non-smoker) are identical to those set forth in the Policy. (Compare Statement of Value, Exhibit 1 with Policy at 15.) Moreover, plaintiffs concede that the monthly COI rates were far less than the maximum permitted under the Policy. (Compl. ¶¶ 18, 21.) During the relevant time period (i.e., 1999 through 2002) the monthly COI rates were more than 30% below the maximum allowed under the Policy:

---

[8]   See Plaintiffs' Supplement To Their Opposition To Defendants Motion To Dismiss at 2-3 (Docket No. 12); see also Plaintiffs' Memorandum In Support Of Their Cross-Motion For Partial Judgment On The Pleadings at 2-5 (Docket No. 22).

| Year | Monthly COI Rate (*See* Compl. ¶ 18) | Maximum Monthly COI Rate (*See* Policy at 15)[9] | **% Difference Between What Plaintiffs Were Charged And The Agreed-Upon Contractual Maximum** |
|---|---|---|---|
| 1999-2000 | $6.52 | $9.47 | **- 31.2%** |
| 2000-2001 | $7.12 | $10.42 | **- 31.7%** |
| 2001-2002 | $7.95 | $11.47 | **- 30.7%** |

The "statement of the method of calculation of values" (Policy ¶ 13) does not contain the "procedures and standards" as plaintiffs speculated. Indeed, the Statement of Values is irrelevant to the determination of the change in monthly COI rates. Plaintiffs are still unable to allege what "procedures and standards" they are basing their case on, or allege how such "procedures and standards" were breached. Most importantly, however, in light of the admitted fact that plaintiffs were charged less than permitted under the Policy, there appears to be no basis for any complaint. Accordingly, this case should now be dismissed with prejudice.

### **Conclusion**

For all of the foregoing reasons, AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 15) should be granted in its entirety and this case dismissed with prejudice.

---

[9] Mr. Silverman's date of birth was August 30, 1917; he was therefore 82 years old when the monthly COI rate for his age category was allegedly increased in 1999.

6

Dated: December 30, 2005
      Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
AIG SunAmerica Life Assurance Company

### CERTIFICATE OF SERVICE

    I, Michael S. Hines, hereby certify that on December 30, 2005, I caused a true copy of the foregoing Defendant AIG SunAmerica's Supplemental Filing Pursuant To The Court's November 29, 2005 Order be served electronically via the Court's Electronic Filing System upon counsel for plaintiffs, John Peter Zavez.

Dated: December 30, 2005

/s/ Michael S. Hines
Michael S. Hines