**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)**

|  |  |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>          Plaintiffs,<br>     v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>          Defendant. | Civil Action No. 05-10994-WGY |

**PLAINTIFFS' RESPONSE TO DEFENDANT AIG SUNAMERICA'S
SUPPLEMENTAL FILING AND IN FURTHER SUPPORT OF THEIR
CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby respond to Defendant AIG SunAmerica's Supplemental Filing and again ask the Court for partial judgment (liability) on the pleadings in their favor on the grounds that SunAmerica admits that it both breached its insurance contract and violated the regulations of the Massachusetts Division of Insurance ("MA DOI Regulations") in raising cost of insurance ("COI") Rates on Donald L. Silverman's policy ("Silverman Policy) and all similar policies (collectively "Policies").

In response to the Court's Order of 29 November 2005, AIG SunAmerica has produced affidavits and exhibits showing that:

1.      Defendant promised in the Policies that "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered."  Strunk Affidavit, dated 29 December 2005, Exh. A (Silverman Policy), ¶14.  The Silverman Policy was delivered in Massachusetts.  Contrary to what Defendant argues, "on file" means the regulatory

filing was on file when the Policies were delivered, not on file continuously for as long as the Policies might remain in force, which could be in excess of 75 years.

     2.    As part of getting authorization to sell the Policies in Massachusetts, Defendant's predecessor in interest filed an Actuarial Memorandum/Certification with the MA DOI similar in form to Exhibit A to the Friedman Affidavit.  Friedman Affidavit, dated 29 December 2005, at ¶¶ 6, 7; Strunk Affidavit at ¶¶ 5, 6.

     3.    Defendant now concedes (as Plaintiffs have argued) that MA DOI Regulations require insurers to file an Actuarial Memorandum/Certification to obtain approval to sell the Policies in Massachusetts.  Strunk Affidavit at ¶ 3.

     4.    The required Actuarial Memorandum/Certificate provided by Defendant contains "procedures and standards" for calculating **both cash values and COI rates**. *See* Friedman Affidavit, Exh. A (Actuarial Memorandum/Certification) at pages 4-9 (discussing COI), and more specifically at page 7 (showing that "Formulas for Cash Value Calculation" are based in part on an underlying calculation of COI) and page 9 ("The cost of insurance rates . . . are derived as follows. . . ."); *see also* Strunk Affidavit at ¶¶ 5-6 (confirming that Actuarial Memorandum/Certification contains calculation of COI).

     5.    Because of Defendant's concessions and the content of the Actuarial Memorandum/Certification, there is no need for Plaintiffs to produce an affidavit from the MA DOI stating that the calculation of cash value for the Policies contained within the required Actuarial Memorandum/Certification would necessarily require an underlying calculation of the components that make up COI.

6. Defendant has conceded that it could not have followed the "procedures and standards" for calculating COI rates referred to in the Policies by arguing that it had no idea that such "procedures and standards" were contained in the Actuarial Memorandum/Certification.  *See* Defendant's Reply In Further Support of Its Motion To Dismiss at pages 2, 3-4 (AIG SunAmerica "does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire Complaint.").

6. Therefore, the Court should **grant** Plaintiffs' Cross-Motion for Partial Judgment (Liability) on the Pleadings and hold that (1) the terms of the Policies require that COI Rate Increases can only be made in accordance with the Actuarial Memorandum/Certification filed in each jurisdiction where Defendant issued the Policies and (2) Defendant has breached the terms of the Policies by enacting COI Rate Increases that are not in accordance with the Actuarial Memorandum/Certification.

Respectfully submitted,

DATED: 12 January 2006                    _____/s/_____
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax: (617) 742-8280

**CERTIFICATE OF SERVICE**

I certify that on 12 January 2006, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.

_____/s/_____
John Peter Zavez