UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NANCY BROOKS AND JOAN SILVERMAN, :

Plaintiffs, : Civil Action No. 05-10994-WGY

v. :

AIG SUNAMERICA LIFE ASSURANCE COMPANY, :

Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**AIG SUNAMERICA'S MOTION FOR SUMMARY JUDGMENT**

James R. Carroll
Michael S. Hines
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
AIG SunAmerica Life Assurance Company

Dated: January 26, 2006

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .......... 1

PROCEDURAL HISTORY .......... 2

UNDISPUTED FACTS .......... 5

SUMMARY JUDGMENT STANDARD .......... 5

ARGUMENT .......... 6

I. AIG SUNAMERICA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE ACTUARIAL MEMORANDUM IS IRRELEVANT TO THE CHANGE IN MONTHLY COST OF INSURANCE RATES .......... 6

CONCLUSION .......... 7

**PRELIMINARY STATEMENT**

Three months after being ordered to identify "with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached"[1] -- plaintiffs Nancy Brooks and Joan Silverman ("plaintiffs") finally identified the "procedures and standards" upon which they base their entire case. Plaintiffs now assert that defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") violated "procedures and standards" found in an actuarial memorandum filed with various Divisions of Insurance (the "Actuarial Memorandum")[2] when it allegedly raised monthly cost of insurance rates.[3] According to plaintiffs, AIG SunAmerica's alleged failure to abide by the "procedures and standards" found in the Actuarial Memorandum was a breach of Mr. Silverman's life insurance policy (the "Policy") because the Policy states that "[a]ny change in [monthly cost of insurance] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which this policy is delivered." (Policy ¶ 14, attached as Exhibit B to AIG SunAmerica's L.R. 56.1 Statement.)

The Actuarial Memorandum, however, is <u>irrelevant</u> to the only issue in this case: whether the <u>change</u> in monthly cost of insurance rates was unlawful. (<u>See</u> Compl. ¶¶ 19-20.) Indeed, the only context in which the methodology of the calculation of monthly cost of

---

[1] Transcript of Motion Hearing dated October 5, 2005 at 8:9-19 (attached as Exhibit A to Memorandum Of Law In Support Of Defendant AIG SunAmerica's Motion For Judgment On The Pleadings (Docket No. 16)) (cited as "October 5th Trans. at __").

[2] The Actuarial Memorandum is attached as Exhibit C to Defendant AIG SunAmerica's Local Rule 56.1 Statement, filed contemporaneously herewith. (cited as "AIG SunAmerica's L.R. 56.1 Statement ¶ __.").

[3] <u>See</u> Plaintiffs' Response To Defendant AIG SunAmerica's Supplemental Filing And In Further Support Of Their Cross-Motion For Judgment On The Pleadings at 2 (Docket No. 40) ("Plaintiffs' Response") (cited as "Response at __").

insurance rates is mentioned in the Actuarial Memorandum is in Section IV and accompanying Exhibit 1 -- which concern the calculation of the guaranteed maximum monthly cost of insurance rates allowed pursuant to the Policy. (See Actuarial Memorandum at 9.) Plaintiffs have correctly conceded, however, that the monthly cost of insurance rates were far less than the maximum permitted under the Policy. Simply put, this case is senseless.

## PROCEDURAL HISTORY

### The Complaint

The Complaint contains four counts alleging breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), violation of Mass. Gen. Laws ch. 93A (Count III) and violation of the California Unfair Competition Law (Count IV). The gravamen of the Complaint is that AIG SunAmerica increased Mr. Silverman's monthly cost of insurance rates in violation of unidentified "procedures and standards" allegedly on file with the Massachusetts Division of Insurance:

> "20. Upon information and belief, the [Cost of Insurance] Rate Increases were not made 'in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which' any of the Mutual Life Block of Policies were delivered."

(Compl. ¶ 20 (emphasis omitted).)

Indeed, all four Counts of the Complaint are predicated upon that same conclusory "information and belief" allegation: "SunAmerica breached those contracts by making COI Rate Increases in violation of the terms of the policies" (id., Count I ¶ 27); "SunAmerica breached the implied covenant of good faith and fair dealing contained in each Class Member's insurance policy by making the COI Rate Increases" (id., Count II ¶ 30); "[b]y making unauthorized COI Rate Increases, SunAmerica committed an unfair or deceptive act or practice within the meaning of MGLC 93A" (id., Count III ¶ 33); "SunAmerica's conduct in

making unauthorized COI Rate Increases constitutes and [sic] unlawful and/or unfair business practice within the meaning of the California Unfair Business Practices Act" (id., Count IV ¶ 38).

**AIG SunAmerica's Motion To Dismiss**

AIG SunAmerica moved to dismiss all four Counts pursuant to Fed. R. Civ. P. 12(b)(6). (See Docket No. 6.) During the October 5, 2005 motion hearing, this Court dismissed Count II of the Complaint, and further ordered plaintiffs to "file a supplemental pleading identifying with some specificity the provision or provisions of the contract alleged to have been breached and the manner in which they were breached." (October 5th Trans. at 9-11, 16-19.)

**AIG SunAmerica's Motion For Judgment On The Pleadings**

In response to the Court's October 5th Order, plaintiffs filed a Sur-reply brief in further opposition to AIG SunAmerica's motion to dismiss.[4] Plaintiffs' Sur-reply, however, did not identify the "procedures and standards," but instead speculated that the "procedures and standards" *might* be found either in (i) the document referenced in paragraph 13 of the Policy or (ii) in the actuarial memorandum contemplated by 211 Mass. Code Regs. 95.06 (2004). (Id. at 2-3.) Because plaintiffs failed to identify the "procedures and standards," AIG SunAmerica filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (See Docket No. 15.)

---

[4] See Plaintiffs' Supplement To Their Opposition To Defendant's Motion To Dismiss (Docket No. 12).

**The Court's November 29, 2005 Order**

On November 29, 2005, the Court entered an Order rejecting plaintiffs' theory that the Massachusetts Code of Regulations mandated the filing of "procedures and standards" governing the change in monthly cost of insurance rates.[5] (See Docket No. 29 at 2-3.) The Court's Order further required AIG SunAmerica to file by December 12, 2005, the document referenced in paragraph 13 of the Policy identified as "a statement of the method of calculation of [the cash values of the policy] . . . filed with the insurance official in the jurisdiction in which this policy is delivered." (Id. at 3) (quoting Policy ¶ 13) (alteration in original).

**AIG SunAmerica's December 12, 2005 Filing**

Pursuant to the Court's November 29th Order, on December 12, 2005, AIG SunAmerica filed the Affidavit of Gavin D. Friedman. (See Docket No. 31) (the "December 12th Friedman Affidavit") (cited as "Dec. 12 Friedman Aff. at __"). The December 12th Friedman Affidavit stated that AIG SunAmerica had not been able to locate the requested document by December 12, 2005, and further described AIG SunAmerica's search for the document. (See Dec. 12 Friedman Aff. ¶¶ 8-9.) The December 12th Friedman Affidavit further stated that AIG SunAmerica would continue to search for the document and make a supplemental filing by December 30, 2005.[6] (Id. ¶ 9.)

---

5 By electronic order dated December 13, 2005, the Court also denied plaintiffs' Motion For Reconsideration (Docket No. 30) of its November 29, 2005 Order.

6 As a result of AIG SunAmerica's inability to locate the document by December 12, 2005, the Court denied, in part, AIG SunAmerica's motion for judgment on the pleadings. (See Transcript of Motion Hearing dated December 14, 2005 at 5:9-14, Docket No. 39.) The Court granted AIG SunAmerica's motion insofar as plaintiffs asserted liability pursuant to the California Unfair Competition Law on the theory of an "unlawful" act or practice. (Id.)

**AIG SunAmerica's December 30, 2005 Filing**

On December 30, 2005, AIG SunAmerica filed the Actuarial Memorandum, which was the memorandum filed in the state of Texas and identical to the document believed to have been filed in Massachusetts insofar as it concerns the determination of cost of insurance rates. See Affidavit of Gavin Friedman dated December 29, 2005 (Docket No. 37) (the "December 29th Friedman Affidavit") (cited as "Dec. 29 Friedman Aff. ¶ __."); see also Affidavit of Gary Strunk ¶ 6 (Docket No. 38) (the "Strunk Affidavit) (cited as "Strunk Aff. ¶ __").

**Plaintiffs' January 12, 2006 Filing**

On January 12, 2006, plaintiffs filed their Response, arguing that the Actuarial Memorandum "contains 'procedures and standards' for calculating both cash values and [cost of insurance] rates." (Response at 2, ¶ 4) (emphasis omitted). Accordingly, Plaintiffs' Response has now identified the "procedures and standards" upon which plaintiffs base their entire Complaint. (Compl. ¶ 20.)

## UNDISPUTED FACTS

AIG SunAmerica refers the Court to their Local Rule 56.1 Statement filed herewith.

## SUMMARY JUDGMENT STANDARD

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, a party cannot rely upon "conclusory allegations, improbable inferences, and

unsupported speculation" to raise a genuine issue of material fact. Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 412 (1st Cir. 2000) (quotation omitted). Instead, the opposing party must set forth "specific facts, in suitable evidentiary form" to demonstrate that a genuine issue of material fact exists. Id. (quotation omitted).

## ARGUMENT

### I. AIG SUNAMERICA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE ACTUARIAL MEMORANDUM IS IRRELEVANT TO THE CHANGE IN MONTHLY COST OF INSURANCE RATES

Plaintiffs contend that the Actuarial Memorandum "contains 'procedures and standards' for calculating both cash values and [cost of insurance] rates." (Response at 2, ¶ 4) (emphasis omitted). In essence, plaintiffs argue that the Actuarial Memorandum contains the "procedures and standards" because the Actuarial Memorandum puts forth formulae for calculating cost of insurance rates for cash value purposes. (Id., ¶¶ 4-5.) But that argument ignores that the only issue in this case is the change in monthly cost of insurance rates applicable to the Policy from year-to-year as Mr. Silverman aged. (Compl. ¶¶ 18-20.) By its plain terms, the Actuarial Memorandum has nothing to do with the change in monthly cost of insurance rates.

To support their contention that the Actuarial Memorandum contains the "procedures and standards" upon which they base their Complaint, plaintiffs argue that formulae for calculating cost of insurance are set forth in the Actuarial Memorandum at 7 and 9. (Plaintiffs' Response at 2, ¶ 4.) Those formulae, however, are irrelevant to the change in monthly cost of insurance rates. The formula found at page 7 of the Actuarial Memorandum concerns the calculation of cost of insurance rates (not the change in monthly cost of insurance rates) as it relates to cash value of the Policy. The formula at page 9 of the Actuarial Memorandum concerns the calculation of maximum monthly cost of insurance rates allowed under the Policy. The maximum monthly cost of insurance rates for each attained age set forth

in Exhibit 1 to the Actuarial Memorandum (male, non-smoker) are identical to those set forth in the Policy. (Compare Actuarial Memorandum, Exhibit 1 with Policy at 15.) Plaintiffs concede that the monthly cost of insurance rates applicable to Mr. Silverman were far less than the maximum permitted under the Policy. (Compl. ¶¶ 18, 21.) During the relevant time period (i.e., 1999 through 2002) the monthly cost of insurance rates were more than 30% below the maximum allowed under the Policy:

| Year | Monthly COI Rate (*See* Compl. ¶ 18) | Maximum Monthly COI Rate (*See* Policy at 15)[7] | **% Difference Between What Plaintiffs Were Charged And The Agreed-Upon Contractual Maximum** |
|---|---|---|---|
| 1999-2000 | $6.52 | $9.47 | **- 31.2%** |
| 2000-2001 | $7.12 | $10.42 | **- 31.7%** |
| 2001-2002 | $7.95 | $11.47 | **- 30.7%** |

In sum, the Actuarial Memorandum does not govern -- indeed, it is irrelevant -- to the change in monthly cost of insurance rates, so long as any change results in a monthly cost of insurance rate not exceeding the maximum allowed under the Policy. Plaintiffs have conceded (as they must) that the monthly cost of insurance rates applicable to Mr. Silverman's policy were less than the maximum permitted. Accordingly, AIG SunAmerica is entitled to summary judgment on all remaining Counts of the Complaint.

## CONCLUSION

For all of the foregoing reasons, AIG SunAmerica's motion for summary judgment should be granted in its entirety and this case dismissed with prejudice.

---

[7] Mr. Silverman's date of birth was August 30, 1917; he was therefore 82 years old when the monthly cost of insurance rate for his age category was allegedly increased in 1999.

Dated: January 26, 2006
Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll

James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com
mhines@skadden.com

Counsel for Defendant
AIG SunAmerica Life Assurance Company

**CERTIFICATE OF SERVICE**

I, Michael S. Hines, hereby certify that a true copy of the foregoing Memorandum Of Law In Support Of Defendant AIG SunAmerica's Motion For Summary Judgment filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent by first class mail, postage pre-paid, to those indicated as non-registered participants on the NEF on January 26, 2006.

Dated: January 26, 2006

/s/ Michael S. Hines
Michael S. Hines