UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------ x
NANCY BROOKS AND JOAN SILVERMAN,     :
                    Plaintiffs,      :   Civil Action
                                     :   No. 05-10994-WGY
      v.                             :
                                     :
AIG SUNAMERICA LIFE ASSURANCE        :
COMPANY,                             :
                                     :
                    Defendant.       :
------------------------------------ x

### STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties (the "party" or "parties") that:

1. All documents, including all Confidential Documents, as defined herein, produced by any party or non-party in the above-captioned action (hereinafter referred to as the "Litigation") shall be used by the party receiving them only for the purposes of preparing for and conducting the Litigation.

2. "Confidential Documents" or "Confidential Information" as used herein means documents and portions of deposition transcripts that are entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and which the producing party in good faith designates as confidential. Such designation shall be made by means of a **"Confidential"** stamp or legend placed on such documents ("Confidential Documents"), or at the time of the giving of testimony by means of a statement on the record and thereafter a designation by page and line to be delivered to opposing counsel within ten (10) business days of receipt of the

transcript ("Confidential Information"). Notwithstanding the foregoing, a producing party's inadvertent failure to designate material "Confidential" in accordance with the terms of this stipulation will not in and of itself constitute waiver of the producing party's right to claim confidentiality with respect to such material.

      3.    Confidential Documents or Confidential Information or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

    (a)    The Court (in the manner provided by paragraph 7 hereof);

    (b)    Counsel of the parties to the Litigation, including in-house counsel, clerical, secretarial and paralegal staff employed by such counsel;

    (c)    Court reporters;

    (d)    Experts or consultants and their staff assisting in the prosecution or defense of the Litigation, <u>subject to paragraph 4</u>;

    (e)    Named parties or legally authorized Representatives of named parties assisting in the prosecution or defense of the Litigation; and

    (f)    Any other person the producing party agrees to in writing, or is expressly designated by order of the Court.

      4.    Prior to reviewing, seeing or receiving Confidential Documents or Confidential Information, all persons specified in paragraph 3(d) will execute an Undertaking in the form of Exhibit 1 hereto. Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation.

5.  The Confidential Documents or Confidential Information shall not be disclosed to persons other than Qualified Persons or the party which produced the Confidential Information. However, nothing contained herein shall prevent any party from disclosing its own Confidential Documents or Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential Documents or Confidential Information shall not, in and of itself, be a waiver of the provisions contained herein.

6.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Litigation.

7.  No pleadings or other documents that contain Confidential Information are to be filed with the clerk without simultaneously filing a motion pursuant to Local Rule 7.2 requesting that the Confidential Information be maintained under seal. The documents, thereafter, shall be filed and maintained pursuant to the terms of the Court's ruling on that motion. The parties agree not to oppose any motion made pursuant to this paragraph 7. To the extent Confidential Information can be segregated from non-Confidential Information without undue burden or expense, only Confidential Information shall be filed subject to the above terms.

8.  At the conclusion of the Litigation, all Confidential Documents or Confidential Information and all copies of same shall (i) be promptly returned to the producing party at the request and expense of the producing party, or (ii) be destroyed within 30 days of the conclusion of the Litigation at the expense of the receiving party, with a letter sent by the receiving party to the producing party certifying that such documents and information have been destroyed, except that counsel of record may retain for their files copies of any of their own work

3

product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information. Such retained copies will remain subject to the restrictions herein.

9. Each Qualified Person who is not a lawyer representing the parties to this Stipulation and Order or employed by a lawyer representing the parties to this Stipulation and Order to whom Confidential Documents or Confidential Information is disclosed pursuant to this Stipulation and Order shall be advised that the Confidential Documents or Confidential Information is being disclosed pursuant to, and subject to the terms of, an Order of the Court and that the sanctions for any violation of the Order include the penalties that may be imposed by the Court for contempt.

10. Designation of any material as "Confidential" shall not preclude any party from contending before the Court that a designated document or transcript does not qualify for confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure or that confidential treatment is not warranted; shall not create any presumption that documents and transcripts so designated are confidential; and shall not shift the burden of establishing entitlement to confidential treatment. The parties expressly reserve the right to apply to the Court to seek leave to disclose confidential documents and information to any administrative agency.

11. The binding effect of this Stipulation and Order shall survive termination of this Action and the Court shall retain jurisdiction to enforce the Stipulation and Order.

12. This Stipulation and Order shall be applicable to any third-party witnesses who agree in writing to be subject to the terms of this Stipulation and Order.

13. Nothing in the foregoing shall control or govern the use of evidence at trial.

14. This Stipulation and Order is subject to further modification by order of the Court, on the Court's own initiative, or upon motion by any person having an interest affected by this Stipulation and Order for good cause shown.

Dated: February 1, 2006
      Boston, Massachusetts

Respectfully submitted,

/s/ John Peter Zavez
John Peter Zavez (BBO #555721)
Noah Rosmarin (BBO #630632)
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, Massachusetts 02114
(617) 367-1040
jzavez@akzlaw.com

Counsel for Plaintiffs
Nancy Brooks and Joan Silverman

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com
mhines@skadden.com

Counsel for Defendant
AIG SunAmerica Life Assurance Company

SO ORDERED:

Dated: February 2, 2006

William G. Young
United States District Judge

5

## EXHIBIT 1

## UNDERTAKING

The undersigned, whose assistance is required in the preparation or trial of this action, has read the annexed Stipulation and Order, dated February 1, 2006, understands its contents and hereby agrees to comply therewith. In addition, the undersigned agrees not to use such Confidential Documents or Confidential Information for any purpose other than preparing for or conducting this Litigation.

At the conclusion of the Litigation, all Confidential Documents or Information and all copies of same shall be promptly returned to the producing party.

I consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of enforcement of the Stipulation and Order.

Dated:_____    Name: _____
                                  (Print or Type)

                           Signature: _____