IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>  Plaintiffs,<br>v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>  Defendant. | Civil Action No. 05-10994-WGY |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

AND

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OWN CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT (Liability)

Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby oppose Defendant's Rule 56 Motion and cross-move themselves for summary judgment in their favor on the grounds that SunAmerica both breached its insurance contract and violated the regulations of the Massachusetts Division of Insurance ("MA DOI Regulations") in raising cost of insurance ("COI") rates on Donald L. Silverman's policy ("Silverman Policy) and all similar policies (collectively "Policies").

FACTS

Plaintiffs refer the Court to their Response to Defendant's Rule 56.1 Statement containing their response to Defendant's "undisputed" facts, material facts in dispute and Plaintiffs' undisputed facts.

PRELIMINARY STATMENT

Defendant's Motion for Summary Judgment contains a glaring omission – there is no mention of how it actually calculated COI rates during the time in question. The Court should consider carefully why the Defendant is so intent on ending this case without disclosing how it calculates COI rates for the Policies.

## ARGUMENT

### A. It is Undisputed That Defendant Failed to Follow the Actuarial Memorandum in Increasing Monthly COI Rates

As part of getting authorization to sell the Policies in Massachusetts, Defendant's predecessor in interest filed an Actuarial Memorandum with the MA DOI. Plaintiffs' LR 56.1 Statement, Exh. A (Friedman Affidavit, dated 29 December 2005, at ¶¶ 6, 7); Exh. B (Strunk Affidavit, dated 29 December 2005, at ¶¶ 5, 6). The required Actuarial Memorandum provided by Defendant contains "procedures and standards" for calculating **COI rates**. *See* Defendant's Rule 56.1 Statement, Exh. B, (Actuarial Memorandum) at pages 4-9 (discussing COI), and more specifically at page 7 (showing that "Formulas for Cash Value Calculation" are based in part on an underlying calculation of COI); *see also* Plaintiffs LR 56.1 Statement at Exh. B ¶¶ 5-6 (Strunk Affidavit confirming that Actuarial Memorandum contains calculation of COI).

Defendants attempt to avoid this result by arguing that that the Silverman Policy speaks of the change in monthly COI rates and the Actuarial Memorandum does not. *See* Memo of Law in Support of Defendant's Motion for Summary Judgment at 6-7. This argument fails, however, because COI, COI rates, annual COI rates, monthly COI rates, and changes to any of the preceding are all algebraically related. For example, the monthly cost of insurance is just the annual cost of insurance divided by 12 (months). *See* Defendant's Rule 56.1 Statement, Exh. C, page 9 (monthly COI rates "assume that

the monthly mortality rate is one-twelfth the annual mortality rate"). Similarly, the cost of insurance is simply the COI rate multiplied by the amount at risk (which is the death benefit minus the cash value). *See* Defendant's Rule 56.1 Statement, Exh. C, page 5 ("monthly cost of insurance ... depends on the net amount at risk"). Consequently, any changes to any of the COI-related variable described above will affect all of the other variables.

Thus, the Actuarial Memorandum contains "procedures and standards" that Defendant has conceded it did not follow. *See* Plaintiffs' LR 56.1 Statement at Exh. C (Defendant's Reply in Further Support of Its Motion to Dismiss at pages 2, 3-4 (AIG SunAmerica "does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire Complaint.")). Defendant continues to concede that it did not follow the Actuarial Memorandum by erroneously arguing that the Actuarial Memorandum does not govern the COI rate increases at issue in this case. *See* Memo of Law in Support of Defendant's Motion for Summary Judgment at 6-7.

**B.    Defendant Also Violated an Additional "Procedures and Standards" for Changing COI Rates on File with MA DOI.**

By letter dated 20 November 1998 and addressed to the MA DOI, Defendant's successor in interest made "Filings related to the Conclusion of the Mutual Benefit Life Insurance Company Plan of Rehabilitation." Plaintiffs' LR 56.1 Statement at Exh. D, page 1. According to that letter, "COI Rates will be the rates currently applicable to policies that qualify for the preferred COI's under the Plan of Rehabilitation. These rates have been in effect since the form was first approved." Plaintiffs' LR 56.1 Statement at Exh. D, page 2. The letter further states that any changes to COI rates will also be in

3

accordance with §4.18 of the Purchase and Sale Agreement between MBL Life Assurance Corporation and SunAmerica, Inc. (the "Purchase Agreement"). Plaintiffs' LR 56.1 Statement at Exh. D, pages 1-2.

Section 4.18.1, entitled Modified COI Scale, provides that COI rates cannot be changed for any reason until 15 months after the Rehabilitation Period Termination Date:

> Mortality charges may be changed on the policy anniversary beginning 15 months after the Rehabilitation Period Termination Date, to scales reflecting the greater of (a) actual mortality experience and (b) anticipated mortality experience based on the following formulas:
>
> * * *
>
> Such amounts may be further adjusted to reflect items such as: (i) an increase or anticipated increase in the reinsurance rates charged by Outward Reinsurers where such increase is made subsequent to the closing date and not considered in the Outward Reinsurance Adjustment Amount; (ii) changes in taxation; (iii) changes in Applicable Laws that increase the cost of administering the Reinsured Policies.

Plaintiffs' LR 56.1 Statement at Exh. E, page 46. The Rehabilitation Period Termination Date was 30 June 1999, Plaintiffs' LR 56.1 Statement at Exh. D, page 2, so the earliest date that Silverman's Policy COI rate could be increased was 1 May 2001, his next policy anniversary following 30 September 2000. *See* Defendant's Rule 56.1 Statement, Exh. B, page 4 of 19 (stating that Policy Year Date is 1 May 1984).

However, Defendant breached the plain terms of the Silverman Policy by increasing COI rates between 30 June 1999 and 1 May 2001. First, Defendant increased COI rates from $5.14 per thousand dollars of coverage for 1998-99 to $6.52 per thousand of dollars of coverage for 1999-2000. Plaintiffs' LR 56.1 Statement, Exh. F. Second, Defendant increased COI rates from $6.52 per thousand dollars of coverage for 1999-2000 to $7.12 per thousand of dollars of coverage for 2000-01. Plaintiffs' LR 56.1

4

Statement, Exh. F. As argued above, *supra* in §B, summary judgment on behalf of Plaintiffs is therefore appropriate because Defendant admits that it did not follow the "procedures and standards" when calculating COI rates.

C. **There Are Material Facts in Dispute as to Whether Defendant Further Violated the Silverman Policy by Increasing COI Rates Based on Its Future Expectations as to Investment Earnings.**

The Silverman Policy is ambiguous because internally contradictory. In one place it says that "[m]onthly cost of insurance rates will be determined by us annually, by class, based on **future expectations as to investment earnings**, mortality, persistency and expenses, including taxes." Defendant's Rule 56.1 Statement, Exh. B, §14 (emphasis added). In another place, however, it says that "[a]ny change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." Defendant's Rule 56.1 Statement, Exh. B, §14. The ambiguity/contradiction arises because an insurer cannot consider "future expectations as to investment earnings" in calculating COI rates. *See* 211 CMR 95.05 (listing the charges that can be deducted from a separate account). A separate account is the account into which is deposited the cash value of variable or universal life policies such as the Silverman Policy. 211 CMR 95.00 (defining separate account and variable life insurance). Not surprisingly, Defendant did not include "future expectations as to investment earnings" as a basis for calculating COI rates in the Actuarial Memorandum it filed with MA DOI. *See* Defendant's Rule 56.1 Statement, Exh. C, page 6 ("The [monthly COI] rate depends on age at issue, policy duration, sex, smoking habits, and rating class of insured").

5

The Silverman Policy must be interpreted so that it complies with the governing law. In addition, this ambiguity must be construed against Defendant, as the drafting party. *See, e.g.,* Restatement (Second) of Contracts § 206 (1981); *See Langone v. USCO Distribution Services, Inc.,* 389 F.Supp.2d 91, 98 (D. Mass. 2005); *In re Cadkey Corp.,* 2005 WL 958253, at *428 (D. Mass, 2005); *Delorenzo v. Tzokos,* 2001 Mass. App. Div. 179 at *2. From these two black letter principles of contract construction, it is clear that Defendant was prohibited from increasing COI rates based in any way on "future expectations as to investment earnings." *See, e.g., Jeanes v. Allied Life Ins. Co.,* 168 F.Supp.2d 958, 974 (S.D. Iowa 2001) (holding that insurer breached policy by raising COI rates for reasons not authorized by policy), *affirmed in part and reversed in part on other grounds,* 300 F.3d 938 (8th Cir. 2002). Because Defendant's Motion for Summary Judgment has not disclosed whether it factored "future expectations as to investment earnings" into COI rates and Plaintiffs' discovery has not yet proceeded to that point, there are material facts in dispute as to whether Defendant further breached the Silverman Policy in that way. Consequently, Defendant is not entitled to summary judgment on this issue.

## CONCLUSION

The Court should **grant** Plaintiffs' Cross-Motion for Summary Judgment (Liability) and hold that Defendant breached the Silverman Policy (a) each year by making unauthorized COI rate increases in violation of the Actuarial Memorandum and/or (b) in 1999-2000 and 2000-01 by making unauthorized COI rate increases in violation of the Plan of Rehabilitation filed with the MA DOI. In addition, the Court should **deny** Defendant's Motion for Summary Judgment on the grounds that there are

material facts in dispute as to whether it breached the Policy and/or violated MA DOI Regulations by considering "future expectations as to investment earnings" in calculating COI rates.

Respectfully submitted,

DATED: 9 February 2006

_____/s/_____
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA 02114
Tel: (617) 367-1040
Fax: (617) 742-8280

**CERTIFICATE OF SERVICE**

I certify that on 9 February 2006, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.

_____/s/_____
John Peter Zavez