UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NANCY BROOKS AND JOAN SILVERMAN,      :
                    Plaintiffs,   :   Civil Action
                                   :   No. 05-10994-WGY
   v.
                                   :
AIG SUNAMERICA LIFE ASSURANCE
COMPANY,                                                          :
                    Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT AIG SUNAMERICA'S**
**COUNTERSTATEMENT OF DISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, defendant AIG SunAmerica Life Assurance Company ("AIG SunAmerica") respectfully submits this counterstatement of disputed material facts ("Counterstatement") in response to plaintiffs Nancy Brooks' and Joan Silverman's Local Rule 56.1 Statement In Support Of Their Cross-Motion For Summary Judgment (Docket No. 48) (cited as "Plaintiffs' Statement"):[1]

PLAINTIFFS' STATEMENT

       1.     Defendant promised in the Policies that "Any change in [COI] rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which the policy is delivered." Defendant's Rule 56.1 Statement, Exh. B, § 14.

---

[1]     Capitalized terms herein shall have the same meaning as in Defendant AIG SunAmerica's Local Rule 56.1 Statement (Docket No. 43), which is cited herein as "AIG SunAmerica's Statement at __."

AIG SUNAMERICA'S COUNTERSTATEMENT

       1.    AIG SunAmerica does not dispute the partial quotation from the Policy, however, with respect to the determination of monthly cost of insurance rates, the Policy provides:

> The monthly cost of insurance rate is based on the sex, age, and rate class of the insured. Monthly cost of insurance rates will be determined by us annually, by class, based on future expectations as to investment earnings, mortality, persistency, and expenses, including taxes. Any change in rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which this policy is delivered. Such cost of insurance rates will not be greater than those shown in the table of maximum monthly cost of insurance rates on page 15.

Policy, ¶ 14 (attached as Exhibit B to AIG SunAmerica's Statement).

PLAINTIFFS' STATEMENT

       2.    As part of getting authorization to sell the Policies in Massachusetts, Defendant's predecessor in interest filed an Actuarial Memorandum with the MA DOI similar in form to Exhibit A to the Friedman Affidavit. Friedman Affidavit, dated 29 December 2005, ¶¶ 6, 7; Strunk Affidavit, dated 29 December 2005, at ¶¶ 5, 6. A true and accurate copy of the Friedman Affidavit is attached hereto as Exh. A. A true and accurate copy of the Strunk Affidavit is attached hereto as Exh. B.

AIG SUNAMERICA'S COUNTERSTATEMENT

       2.    AIG SunAmerica does not dispute that the Mutual Benefit Life Assurance Corporation would have filed an Actuarial Memorandum with the Massachusetts Division of Insurance in connection with the restructured policy referred to as Form C193.

PLAINTIFFS' STATEMENT

       3.    MA DOI Regulations require insurers to file an Actuarial Memorandum to obtain approval to sell the Policies in Massachusetts. Strunk Affidavit at ¶ 3.

AIG SUNAMERICA'S COUNTERSTATEMENT

3. AIG SunAmerica avers that the purported facts alleged in paragraph 3 are not facts at all, but instead are plaintiffs' legal conclusions to which no response is required. In addition, plaintiffs have not identified which "MA DOI Regulations" they are referring to.

PLAINTIFFS' STATEMENT

4. The Actuarial Memorandum provided by Defendant contains "procedures and standards" for calculating COI rates. *See* Defendant's Rule 56.1 Statement, Exh. B, (Actuarial Memorandum) at pages 4-9 (discussing COI), and more specifically at page 7 (showing that "Formulas for Cash Value Calculation" are based in part on an underlying calculation of COI); *see also* Struck Affidavit at ¶¶ 5-6 (confirming that Actuarial Memorandum contains calculation of COI).

AIG SUNAMERICA'S COUNTERSTATEMENT

4. AIG SunAmerica disputes the purported facts alleged in paragraph 4. While the Actuarial Memorandum contains formulae for determining cost of insurance rates as they pertain to cash value and the maximum allowable cost of insurance rates under the Policy, the Actuarial Memorandum does not contain "procedure and standards" governing the change in monthly cost of insurance rates, which is the only issue in this litigation.

PLAINTIFFS' STATEMENT

5. COI, COI rates, annual COI rates, monthly COI rates, and any changes to any of the preceding are all algebraically related. For example, the monthly cost of insurance is just the annual cost of insurance divided by 12 (months). *See* Defendant's Rule 56.1 Statement, Exh. C, page 9 (monthly COI rates "assume that the monthly mortality rate is one-twelfth the annual mortality rate"). Similarly, the cost of insurance is simply the COI rate multiplied by the amount of risk (which is the death benefit minus the cash value). *See* Defendant's Rule 56.1 Statement, Exh. C, page 5 ("monthly cost of insurance . . . depends on the net amount at risk").

AIG SUNAMERICA'S COUNTERSTATEMENT

5. AIG SunAmerica disputes the purported facts alleged in paragraph 5 as materially incomplete and irrelevant to this case. Moreover, the assertion that certain things are "algebraically related" is so vague as to be meaningless.

PLAINTIFFS' STATEMENT

      6.    The Actuarial Memorandum contains "procedures and standards" that Defendant has conceded it did not follow.  *See* Defendant's Reply in Further Support of Its Motion to Dismiss at pages 2, 3-4 (AIG SunAmerica "does not know of any document that constitutes the unidentified 'procedures and standards' upon which plaintiffs base their entire complaint.").  A true and accurate copy of Defendant's Reply is attached hereto as Exh. C.

AIG SUNAMERICA'S COUNTERSTATEMENT

      6.    AIG SunAmerica disputes the purported facts alleged in paragraph 6. First, the Actuarial Memorandum does not contain "procedures and standards" governing the change in monthly cost of insurance rates. (See Counterstatement, ¶ 4.) In addition, AIG SunAmerica did not concede that it did not follow any "procedures and standards."

PLAINTIFFS' STATEMENT

      7.    By latter dated 20 November 1998 and addressed to the MA DOI, Defendant's successor [sic] in interest made "Filings related to the Conclusion of the Mutual Benefit Life Insurance Company Plan of Rehabilitation."  Page. 1.  According to that letter/filing, "COI rates will be the rates currently applicable to policies that qualify for the preferred COI's under the Plan of Rehabilitation.  These rates have been in effect since the form was first approved."  Page 2.  The letter further states that any changes to COI rates will also be in accordance with § 4.18 of the Purchase and Sale Agreement between MBL Life Assurance Corporation and SunAmerica, Inc. (the "Purchase Agreement").  Pages 1-2.  A true and accurate copy of the 20 November 1998 letter is attached hereto as Exh. D.

AIG SUNAMERICA'S COUNTERSTATEMENT

      7.    AIG SunAmerica does not dispute that MBL Life Assurance Corporation sent a letter to the Massachusetts Division of Insurance dated November 20, 1998 regarding "Filings related to the Conclusion of the Mutual Benefit Life Insurance Company Plan of Rehabilitation." (See Plaintiffs' Statement, Ex. D.) AIG SunAmerica disputes that that letter provided for any and all changes to monthly cost of insurance rates.

PLAINTIFFS' STATEMENT

> 8.   Section 4.18.1, entitled Modified COI Scale, provides that COI rates cannot be changed for any reason until 15 months after the Rehabilitation Period Termination Date:
>
>> Mortality charges may be changed on the policy anniversary beginning 15 months after the Rehabilitation Period Termination Date to scales reflecting the greater of (a) actual mortality experience and (b) anticipated mortality experience based on the following formulas:
>>
>> * * *
>>
>> Such amounts may be further adjusted to reflect items such as: (i) an increase or anticipated increase in the reinsurance rates charged by Outward Reinsurers where such increase is made subsequent to the closing date and not considered in the Outward Reinsurance Adjustment Amount: (ii) changes in taxation; (iii) changes in Applicable Laws that increase the cost of administering the Reinsured Policies.

Purchase Agreement at page 46. A true and accurate copy of the relevant portion of the Purchase Agreement is attached hereto as Exh. E.

AIG SUNAMERICA'S COUNTERSTATEMENT

8.   AIG SunAmerica does not dispute the partial quotation from the Purchase and Sale Agreement between MBL Life and AIG SunAmerica (the "Agreement"). AIG SunAmerica disputes plaintiffs' assertion that "COI rates cannot be changed for any reason until 15 months after the Rehabilitation Period Termination Date . . . ." Plaintiffs' argument is premised upon an error of law that confuses the terms "cost of insurance scale" (which is what the Agreement contemplates changing) and "cost of insurance rate" (which is what is reflected in the Policy). Compare the Agreement at SUN 000662 ("Modified COI Scale") (emphasis added) with the Policy, ¶ 14 ("cost of insurance rate) (emphasis added). Moreover, monthly cost of insurance rate is not synonymous with mortality charges. The Court already considered, and rejected, that contention. (See Order dated November 29, 2005 (Docket No. 29).) Nothing in

5

the Agreement (or anywhere else) prevents the increase in monthly cost of insurance rates as Mr. Silverman aged.

PLAINTIFFS' STATEMENT

9. The Rehabilitation Period Termination Date was 30 June 1999, First Zavez Affidavit at Exh. A, page 2, so the earliest date that Silverman's Policy COI Rate could be increased was 1 May 2001, his next policy anniversary following 30 September 2000. *See* Defendant's Rule 56.1 Statement, Exh. B, page 4 of 19 (stating that Policy Year Date is 1 May 1984).

AIG SUNAMERICA'S COUNTERSTATEMENT

9. AIG SunAmerica disputes the purported facts alleged in paragraph 9 because the monthly cost of insurance rates for Mr. Silverman's Policy could increase pursuant to the terms of the Policy as Mr. Silverman aged. (See Counterstatement ¶ 8.)

PLAINTIFFS' STATEMENT

10. Defendant increased COI rates from $5.14 per thousand dollars of coverage for 1998-99 to $6.52 per thousand of dollars of coverage for 1999-2000. True and accurate copies of the 5 August 2003 letter from AIG SunAmerica to Richard Strutevant and the 28 May 2003 letter from AIG SunAmerica to Richard Strutevant are attached hereto as Exh. F.

AIG SUNAMERICA'S COUNTERSTATEMENT

10. AIG SunAmerica does not dispute the purported facts alleged in paragraph 10 to the extent those facts are limited to Mr. Silverman's policy.

PLAINTIFFS' STATEMENT

11. Defendant increased COI rates in [sic] from $6.52 per thousand dollars of coverage for 1999-2000 to $7.12 per thousand of dollars of coverage for 2000-01. First Zavez Affidavit, Exh. F.

AIG SUNAMERICA'S COUNTERSTATEMENT

11.    AIG SunAmerica does not dispute the purported facts alleged in paragraph 11 to the extent those facts are limited to Mr. Silverman's policy.

PLAINTIFFS' STATEMENT

12.    The Silverman Policy says that "[m]onthly cost of insurance rates will be determined by us annually, by class, based on future expectations as to investment earnings, mortality, persistency, and expenses, including taxes."  Defendant's Rule 56.1 Statement, Exh. B, § 14.

AIG SUNAMERICA'S COUNTERSTATEMENT

12.    AIG SunAmerica does not dispute the partial quotation from the Policy, however, further avers that plaintiffs' quotation is incomplete.  (See Counterstatement, ¶ 1.)

PLAINTIFFS' STATEMENT

13.    The Silverman Policy also says that "[a]ny change in rates will be in accordance with any procedures and standards on file with the Insurance Department of the jurisdiction in which this policy is delivered."  Defendant's Rule 56.1 Statement, Exh. B, § 14.

AIG SUNAMERICA'S COUNTERSTATEMENT

13.    AIG SunAmerica does not dispute the partial quotation from the Policy, however, further avers that plaintiffs' quotation is incomplete.  (See Counterstatement, ¶ 1.)

PLAINTIFFS' STATEMENT

14.    Defendant did not include "future expectations as to investment earnings" as a basis for calculating COI rates in the Actuarial Memorandum it filed with MA DOI.  See Defendant's Rule 56.1 Statement, Exh. C, page 6 ("The [monthly COI] rate depends on age at issue, policy duration, sex, smoking habits, and rating class of insured").

AIG SUNAMERICA'S COUNTERSTATEMENT

14.   AIG SunAmerica disputes the purported facts alleged in paragraph 14 as materially incomplete.  The Actuarial Memorandum provides that AIG SunAmerica "may use modified cost of insurance rates, applied in a uniform manner to all policies in a class, which produce lower costs of insurance." (AIG SunAmerica's Statement, Ex. C at 4.)

Dated:  February 17, 2006
      Boston, Massachusetts

Respectfully submitted,

/s/  James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com
mhines@skadden.com

Counsel for Defendant
AIG SunAmerica Life Assurance Company

**CERTIFICATE OF SERVICE**

I, Michael S. Hines, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on the NEF on February 17, 2006.

Dated: February 17, 2006

/s/  Michael S. Hines
Michael S. Hines