IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>Plaintiffs,<br>v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>Defendant. | Civil Action No. 05-10994-WGY |

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT (Liability)

Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby reply in further support of their cross-motion for partial summary judgment on the grounds that SunAmerica both breached its insurance contract and violated the regulations of the Massachusetts Division of Insurance ("MA DOI Regulations") in raising cost of insurance ("COI") rates on Donald L. Silverman's policy ("Silverman Policy") and all similar policies (collectively the "Policies").

### ARGUMENT

The Silverman Policy states that "[a]ny change in [COI] rates will be in accordance with any **procedures and standards** on file with the Insurance Department of the jurisdiction in which the policy is delivered." Defendant's Rule 56.1 Statement, Exh. B, §14 (emphasis added). Nevertheless, Defendant has failed to meet its burden of showing that it is entitled to summary judgment with respect to whether it increased COI rates in violation of the "procedures and standards" contained in the Actuarial Memorandum and/or Purchase Agreement it filed with the MA DOI, and/or in violation

of MA DOI regulations. Plaintiffs will address each of the arguments in Defendant's Reply and Opposition in the order they were made.

1. Contrary to what Defendant argues, Plaintiffs' position is **not** that the Actuarial Memorandum is **the only** document containing the "procedures and standards" for increasing COI rates. Instead, as argued in their Opposition to Defendant's Motion for Summary Judgment and Memorandum in Support of Their Cross-Motion for Summary Judgment, Plaintiffs' position is that the Actuarial Memorandum is just one of the several documents containing those "procedures and standards." Another of those other documents containing "procedures and standards" is §4.18 of the Purchase and Sale Agreement between MBL Life Assurance Corporation and SunAmerica, Inc. (the "Purchase Agreement"). Plaintiffs' LR 56.1 Statement at Exh. E.

2. Defendant argues without any support in the record that the COI **scales** referred to in §4.18 of the Purchase Agreement are different than COI **rates**, but even if correct, that argument is beside the point. The point is that COI scales determine COI rates. *See* Plaintiffs' LR 56.1 Statement at Exh. D, page 2 (letter from Defendant to MA DOI stating that "Section 4.18 of the Purchase Agreement provides a formula (reproduced below) to be used to **calculate an increase in Cost of Insurance rates**") (emphasis added). Section 4.18 also speaks of "mortality" and "persistency," further demonstrating that both of those factors play a role in determining COI rates.

3. Defendant re-states Plaintiffs' argument here in the most confusing manner possible and then complains that it is difficult to understand. Plaintiffs are simply arguing that (a) MA DOI regulations do not permit Defendant to consider

"investment earnings" in calculating COI rates;[1] (b) in accordance with MA DOI regulations, one of the "procedures and standards" contained in the Actuarial Memorandum is the statement that "[t]he [monthly COI] rate depends on age at issue, policy duration, sex, smoking habits, and rating class of insured," Defendant's Rule 56.1 Statement, Exh. C, page 6, but makes no mention of "investment earnings"; (c) the Silverman Policy, however, says that "[m]onthly cost of insurance rates will be determined by us annually, by class, based on **future expectations as to investment earnings**, mortality, persistency and expenses, including taxes." Defendant's Rule 56.1 Statement, Exh. B, §14 (emphasis added); (d) if Defendant included "future expectations as to investment earnings" in calculating COI rates, it violated both the MA DOI regulations and the "procedures and standards" contained in the Actuarial Memorandum. Thus, pursuant to Fed. R. Civ. P. 56(f), Plaintiffs file herewith the Affidavit of Attorney John Peter Zavez.

4.   The Court should revisit the question of whether Defendant conceded that it failed to comply the "procedures and standards" on file with MA DOI now that Plaintiffs have shown that Defendant (a) admitted it did not know of – much less follow – any "procedures and standards," and (b) Defendant filed both an Actuarial Memorandum and Purchase Agreement with MA DOI that each contained "procedures and standards" for calculating COI rates.

## CONCLUSION

---

[1] First, the Silverman Policy is a variable life policy. *See* 211 CMR 95.00 (definition of "variable life policy") and Silverman Policy at §1 ("This policy is not eligible for dividends or company profits."). Second, the cash value of a variable life policy is contained in a separate account. *Id.* Third, "future expectations as to investment earnings" are not among the deductions that can be made from a separate account. *See* 211 CMR 95.05(2).

For the reasons set forth in Plaintiffs' Reply and Supporting Memorandum, the Court should **deny** Defendant's Motion for Summary Judgment and **grant** Plaintiffs' Cross-Motion for Summary Judgment (Liability), holding that Defendant breached the Silverman Policy (a) each year by making unauthorized COI rate increases in violation of the Actuarial Memorandum and/or (b) in 1999-2000 and 2000-01 by making unauthorized COI rate increases in violation of the Plan of Rehabilitation filed with MA DOI.

Respectfully submitted,

DATED: 28 February 2006

/s/
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA 02114
Tel: (617) 367-1040
Fax: (617) 742-8280

## LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with defense counsel on 26 January 2006 but could not obtain opposing counsel's agreement to the specific relief sought by this motion.
Dated: 28 February 2006

/s/
John Peter Zavez

## CERTIFICATE OF SERVICE

I certify that on 28 February 2006, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.

/s/
John Peter Zavez