IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>Plaintiffs,<br>v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>Defendant. | Civil Action No. 05-10994-WGY |

## RULE 56(f) AFFIDAVIT OF PLAINTIFFS' ATTORNEY JOHN PETER ZAVEZ

I, John Peter Zavez, Esq., do hereby depose and state under oath as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts, serve as counsel of record for the plaintiffs in the above captioned action and make the following statements upon personal information unless otherwise indicated.

2. MA DOI regulations do not permit Defendant to consider "investment earnings" in calculating COI rates.[1]

3. In accordance with MA DOI regulations, one of the "procedures and standards" contained in the Actuarial Memorandum is the statement that "[t]he [monthly COI] rate depends on age at issue, policy duration, sex, smoking habits, and rating class of insured," but the Actuarial Memorandum makes no mention of "investment earnings."

---

[1] First, the Silverman Policy is a variable life policy. *See* 211 CMR 95.00 (definition of "variable life policy") and Silverman Policy at §1 ("This policy is not eligible for dividends or company profits."). Second, the cash value of a variable life policy is contained in a separate account. *Id.* Third, "future expectations as to investment earnings" are not among the deductions that can be made from a separate account. *See* 211 CMR 95.05(2).

4. The Silverman Policy, however, says that "[m]onthly cost of insurance rates will be determined by us annually, by class, based on **future expectations as to investment earnings**, mortality, persistency and expenses, including taxes." (Emphasis added).

5. Upon information and belief, Defendant included "future expectations as to investment earnings" in calculating COI rates, violating both the MA DOI regulations and the "procedures and standards" contained in the Actuarial Memorandum.

6. Plaintiffs are currently taking discovery (through depositions, document requests, and requests for admissions) consistent with the timetable set forth in this Court's Scheduling Order to confirm whether their "information and belief" set forth above in ¶5 is correct.

Signed under the pains and penalties of perjury on 28 February 2006.

DATED: 28 February 2006                    _____/s/_____
                                           John Peter Zavez (#555721)
                                           Noah Rosmarin (#630632)
                                           ADKINS KELSTON & ZAVEZ, P.C.
                                           90 Canal Street
                                           Boston, MA  02114
                                           Tel: (617) 367-1040
                                           Fax:  (617) 742-8280

### CERTIFICATE OF SERVICE
I certify that on 28 February 2006, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.
_____/s/_____
John Peter Zavez