IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>         Plaintiffs,<br>      v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>         Defendant. | Civil Action No. 05-10994-WGY |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Nancy Brooks and Joan Silverman, on behalf of themselves and all other similarly situated persons, hereby move the Court to reconsider its granting of summary judgment in favor of Defendant entered on 3 March 2006, on the following grounds:

MA DOI regulations do not permit Defendant to consider "investment earnings" in calculating COI rates.[1]  In accordance with MA DOI regulations, one of the "procedures and standards" contained in the Actuarial Memorandum is that "[t]he [monthly COI] rate depends on age at issue, policy duration, sex, smoking habits, and rating class of insured," Defendant's Rule 56.1 Statement, Exh. C, page 6, but the Actuarial Memorandum does not include "investment earnings."  The Silverman Policy, however, says that "[m]onthly cost of insurance rates will be determined by [Defendant] annually, by class, based on **future expectations as to investment earnings**, mortality,

---

[1] First, the Silverman Policy is a variable life policy.  *See* 211 CMR 95.00 (definition of "variable life policy") and Silverman Policy at §1 ("This policy is not eligible for dividends or company profits.").  Second, the cash value of a variable life policy is contained in a separate account.  *Id.*  Third, "future expectations as to investment earnings" are not among the deductions that can be made from a separate account.  *See* 211 CMR 95.05(2).

persistency and expenses, including taxes." Defendant's Rule 56.1 Statement, Exh. B, §14 (emphasis added). This creates a contradiction between the DOI Regulation (cannot include investment earnings in COI) and the Actuarial Memorandum (claiming not to include investment earnings in COI) on the one hand, and the Policy (claiming to include investment earnings in COI) on the other hand.

The Silverman Policy must be interpreted so that it complies with the governing law; in addition, this ambiguity (whether it included "future expectations as to investment earnings" in calculating COI rates) must be construed against Defendant, as the drafting party. *See, e.g.,* Restatement (Second) of Contracts § 206 (1981); *See Langone v. USCO Distribution Services, Inc.,* 389 F.Supp.2d 91, 98 (D. Mass. 2005); *In re Cadkey Corp.,* 2005 WL 958253, at *428 (D. Mass, 2005); *Delorenzo v. Tzokos,* 2001 Mass. App. Div. 179 at *2. From these two black letter principles of contract construction, it is clear that Defendant was prohibited from increasing COI rates based in any way on "future expectations as to investment earnings." *See, e.g., Jeanes v. Allied Life Ins. Co.,* 168 F.Supp.2d 958, 974 (S.D. Iowa 2001) (holding that insurer breached policy by raising COI rates for reasons not authorized by policy), *affirmed in part and reversed in part on other grounds,* 300 F.3d 938 (8th Cir. 2002).

If Defendant included "future expectations as to investment earnings" in calculating COI rates, it violated both the MA DOI regulations and the "procedures and standards" contained in the Actuarial Memorandum. Discovery was commenced but not completed on this issue. *See, e.g.,* Plaintiffs' First Request for Admissions filed herewith. Consequently, pursuant to Fed. R. Civ. P. 56(f), Plaintiffs filed the Affidavit of Attorney John Peter Zavez with their Reply to Defendant's Opposition to Plaintiffs' Cross-Motion

for Summary Judgment. Because Defendant has not disclosed whether it factored "future expectations as to investment earnings" into COI rates and Plaintiffs' discovery has not yet proceeded to that point, there are material facts in dispute as to whether Defendant further breached the Silverman Policy in that way. Consequently, Defendant is not entitled to summary judgment.

## CONCLUSION

The Court should **grant** Plaintiffs' Motion for Reconsideration, **deny** Defendant's previously granted Motion for Summary Judgment, and allow Plaintiffs to complete discovery on whether Defendant included "future expectations as to investment earnings" in calculating COI rates.

                                                Respectfully submitted,

DATED: 13 March 2006                    _____/s/_____
                                                John Peter Zavez (#555721)
                                                Noah Rosmarin (#630632)
                                                ADKINS KELSTON & ZAVEZ, P.C.
                                                90 Canal Street
                                                Boston, MA  02114
                                                Tel: (617) 367-1040
                                                Fax:  (617) 742-8280

## LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with defense counsel on 13 March 2006 but could not obtain opposing counsel's agreement to the specific relief sought by this motion.
Dated:  13 March 2006                            _____/s/_____
                                                John Peter Zavez

## CERTIFICATE OF SERVICE

I certify that on 13 March 2006, I caused a true copy of the foregoing document to be served electronically via the Court's electronic filing system on defense counsel.
                                        _____/s/_____
                                       John Peter Zavez

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)**

| | |
|---|---|
| **Nancy Brooks and Joan Silverman**, as Trustees of the Irrevocable Trust of Donald L. Silverman and as Executrices for the Estate of Donald L. Silverman<br><br>Plaintiffs,<br>v.<br><br>**AIG SunAmerica Life Assurance Company**,<br><br>Defendant. | Civil Action No. 05-10994-WGY |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
<u>DEFENDANT AIG SUNAMERICA LIFE ASSURANCE COMPANY</u>**

Plaintiffs propound the following request(s) to be answered by defendant within 30 days.

**<u>DEFINITIONS</u>**

1. The terms "SunAmerica," "defendant", "you," "your," or "yourself" means defendant AIG SunAmerica Life Assurance Company, its predecessors-in-interest and/or successors-in-interest and/or any person acting on its behalf.

2. The term "named plaintiffs" means Nancy Brooks and/or Joan Silverman.

3. The word "person" means any natural person, corporation, partnership, firm, group, association, or other organization and, where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

4. The word "communications" shall mean the exchange of thoughts, messages and information whether made orally, in writing or by other means or any documents that record, refer or relate to any such exchange.

5. The word "document" includes without limitation the original or any copy of any notes, correspondence, memoranda (including written memoranda of telephone conversations,

2

other communications, discussions, agreements, and any other acts, transactions or activities), contracts, agreements, letters, telegrams, evaluations, work papers, calendars, appointment books, diaries, instructions, order forms, records, sound recordings, forms, statements, photographs, x-rays, journals, notices, interoffice and interoffice communications, photostats, and any other data compilations from which information can be obtained, including, but not limited to, marginalia appearing on any documents, any other writing, e-mail and any associated attachments, documents created and stored electronically, electronic calendars, computer logs, handheld personal organizer device entries, or any other electronic or computer-stored information.  A document in the possession, custody or control of another person is considered to be in the possession, custody or control of defendant if defendant has a right or privilege to examine it upon request or demand.

      6.      In the event that it is claimed that any communication or document responsive to any document request is privileged or attorney's work product, each such communication or document should be fully identified in writing, except that the substance thereof need not be described to the extent it is claimed to be privileged.

      7.      These document requests require supplemental or amended answers to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

      8.      The definitions contained in LR 26.5 are incorporated by reference herein.

## INSTRUCTIONS

1. Federal Rule of Civil Procedure Rule 36 provides that each matter requested to be admitted is conclusively established and admitted for the purposes of this action unless, within 30 days after service of this Request, you serve upon the party making these requests either (a) a written statement signed by you under the penalties of perjury specifically (i) denying the matter

or (ii) setting forth in detail why you cannot truthfully admit or deny the matter; or (b) a written objection addressed to the matter, signed by you or your attorney.

2.  You may not give lack of information or knowledge as a reason for your failure to admit or deny a matter unless you state in writing that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny. Your inquiry is reasonable when (1) you make inquiry of your principals, agents, employees, attorneys, representatives, any persons acting or purporting to act on your behalf, and any other persons in active concert and participation with you, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated, and (2) you examine any and all documents or tangible things in your possession, custody or control that in any way refer to or relate to the matter requested to be admitted. Any assertion of lack of information or knowledge as a reason for failure to admit or deny must be signed by you under the penalties of perjury.

3.  Rule 36 requires that any denial by you of a matter requested to be admitted must fairly meet the substance of the requested admission and that when good faith requires that an answer be qualified or a part of the request be denied such qualification or denial must be specific and admit the part of the requested admission that is true. It is not a sufficient answer that a request presents a genuine issue for trial. If you deny any matter requested to be admitted and the truth of the request is eventually proved at trial, Rule 37(c) provides that you may be ordered to pay to the party making these requests the reasonable expenses incurred in proving the matters requested to be admitted, including reasonable attorney's fees. Each denial of a request for admission or a qualification must be made under the penalties of perjury.

4.  You are required, if you object to any request on the grounds of privilege, work product, trade secret, or any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

5.  YOU ARE SPECIFICALLY REQUESTED PURSUANT TO RULE 26(e) TO SUPPLEMENT ALL OF YOUR ANSWERS TO THESE REQUESTS TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

## REQUESTS

1. SunAmerica included "future expectations as to investment earnings" (as defined in the Silverman Policy (#AL101958)) in determining "monthly cost of insurance rates" (as defined in the Silverman Policy) for the Silverman Policy for the policy year 1999-2000.

2. SunAmerica included "future expectations as to investment earnings" (as defined in the Silverman Policy (#AL101958)) in determining "monthly cost of insurance rates" (as defined in the Silverman Policy) for the Silverman Policy for the policy year 2000-01.

3. SunAmerica included "future expectations as to investment earnings" (as defined in the Silverman Policy (#AL101958)) in determining "monthly cost of insurance rates" (as defined in the Silverman Policy) for the Silverman Policy for the policy year 2001-02.

4. SunAmerica included "future expectations as to investment earnings" (as defined in the Form C193 policy, which policy, in turn, is defined in ¶2 of the Strunk Affidavit) in determining "monthly cost of insurance rates" (as defined in the Form C193 policy) for the Form C193 policy for the policy year 1999-2000.

5. SunAmerica included "future expectations as to investment earnings" (as defined in the Form C193 policy, which policy, in turn, is defined in ¶2 of the Strunk Affidavit) in determining

"monthly cost of insurance rates" (as defined in the Form C193 policy) for the Form C193 policy for the policy year 2000-01.

6. SunAmerica included "future expectations as to investment earnings" (as defined in the Form C193 policy, which policy, in turn, is defined in ¶2 of the Strunk Affidavit) in determining "monthly cost of insurance rates" (as defined in the Form C193 policy) for the Form C193 policy for the policy year 2001-02.

DATED: __ February 2006

                                                    _____
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax: (617) 742-8280

**CERTIFICATE OF SERVICE**

I certify that on __ February 2006, I caused a true copy of the foregoing document to be served by _____ on defense counsel.

_____
John Peter Zavez

7